139 Ariz. 213 (1983)
677 P.2d 1321
STATE of Arizona, Appellee,
v.
Richard Vershoun JACKSON, Appellant.
No. 1 CA-CR 6482.
Court of Appeals of Arizona, Division 1, Department A.
November 29, 1983.
Redesignated as Opinion December 13, 1983.
Review Denied February 7, 1984.
*214 Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., Gary A. Fadell, Asst. Atty. Gen., Phoenix, for appellee.
Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.
EUBANK, Judge.
Appellant, Richard Vershoun Jackson, was charged and convicted of possession of a dangerous drug, a class 4 felony, in violation of A.R.S. § 13-3404. An allegation of a prior felony conviction was alleged and admitted by appellant, and he was subject to the enhanced punishment provision of A.R.S. § 13-604. Appellant was sentenced to the presumptive term of six years imprisonment.
The issues on appeal are:
1. Whether the trial court erred by allowing the prosecution to impeach the appellant with a prior unspecified felony conviction;
2. Whether the trial court erred in denying appellant's motion for a judgment of acquittal;

*215 3. Whether the trial court committed reversible error by failing to reinstruct the jury at the end of the trial on the state's burden of proof.
On April 7, 1982, Phoenix police officers David Sodduck and Ray Dunlap were on a routine patrol in the area of 902 South 10th Avenue in Phoenix. The officers pulled into a parking lot adjacent to an apartment complex and observed appellant and Clarence Blacknell standing together near the southwest end of the lot, drinking from open beer cans. Upon observing the officers, appellant tucked an object into his pants, turned around and briskly walked away from the area toward the apartment complex. The officers drove their vehicle onto the sidewalk and followed appellant. When the officers arrived at the center of the apartment complex, Officer Dunlap got out of the vehicle and followed appellant on foot. Phoenix police officer Thomas Hernandez, who had previously been called to the scene, observed appellant throw, from waist level, a glass jar onto the grass in front of one of the apartments. Officer Hernandez retrieved the glass container and observed that it contained cigarettes wrapped in foil which Officer Hernandez believed contained PCP, a dangerous drug.
At trial, appellant denied possessing the PCP laced cigarettes. Appellant testified that he observed the police officers pull into the parking lot of the apartment complex while he and a friend, Clarence Blacknell, were drinking beer. Appellant testified that he left the vicinity after observing the officers. According to appellant, he threw down a glass beer bottle while being followed by the police. Clarence Blacknell testified that appellant had been drinking a bottle of beer. Blacknell stated that he never observed appellant in the possession of a glass jar containing cigarettes wrapped in foil.
IMPEACHMENT
Before the trial, appellant filed a motion in limine to preclude the state from using a prior possession of dangerous drugs conviction for impeachment purposes. The trial judge ruled that the state could impeach the appellant with the prior conviction, but could not elicit the specific nature of the felony. The appellant argues that the trial court obviously found the prior conviction unduly prejudicial and that therefore the trial court erred in permitting him to be impeached at all, even without the mention of the nature of the prior felony conviction. We do not agree.
In State v. Watkins, 133 Ariz. 1, 648 P.2d 116 (1982), our supreme court held that the trial court did not abuse its discretion by permitting the state to impeach the defendant with a prior felony conviction while precluding the state from inquiring into or mentioning the nature of the conviction, as long as the trial court independently weighed the probative value of appellant's prior conviction against its prejudicial effect. In the instant case, the judge weighed the probative value of the prior conviction against its potential prejudicial effect as required by Rule 609, Arizona Rules of Evidence. The judge concluded that the evidence of the prior conviction for possession of dangerous drugs would be unduly prejudicial and therefore inadmissible. However, the judge did find that the fact of a prior felony conviction was probative of defendant's credibility. As the rule only requires the trial court to independently weigh the probative value of the prior conviction against its prejudicial effect, the trial court did all that the rule requires. At the trial appellant's counsel "drew the sting" on direct and the state did not cross-examine on this prior felony. We find no abuse of discretion and no error.
MOTION FOR JUDGMENT OF ACQUITTAL
The appellant argues that the trial court erred in failing to grant his motion for acquittal made at the close of the state's evidence. Appellant contends that insufficient evidence of the usability of the dangerous drug was presented at trial, as the state did not offer testimony that the quantity and quality of the drug submitted into evidence could be effectively used by a *216 dangerous drug user. In support of his contention, appellant cites State v. Moreno, 92 Ariz. 116, 374 P.2d 872 (1962) wherein the supreme court held:
[w]here the amount of a narcotic is so small as to require a chemical analysis to detect its presence, the quantity is sufficient if usable under the known practices of narcotic addicts. We hold that only in those cases where the amount is incapable of being put to any effective use will the evidence be insufficient to support a conviction.
92 Ariz. at 120, 374 P.2d 872. While the appellant correctly points out that Moreno stands for the proposition that where the amount of narcotics involved is so small as to not be within the realm of an uninformed layman's knowledge of usability there must be evidence presented by the state as to its usability, we believe that the testimony presented by the state in the present case satisfied the "usability" test. In reviewing whether the trial court erred in denying appellant's motion for acquittal, we view the evidence most strongly in favor of upholding the jury verdict. State v. Printz, 125 Ariz. 300, 609 P.2d 570 (1980). So long as there is substantial admissible evidence for submission to the jury which would support the guilty verdict, we will not disturb the trial court's denial of a motion for acquittal. State v. Blevins, 128 Ariz. 357, 625 P.2d 946 (App. 1981). The testimony here revealed that appellant was seen throwing away a glass jar containing cigarettes packaged in a manner suggesting that the cigarettes were laced with PCP. Officer Hernandez, who had been an undercover narcotics detective for three years, testified that the foil-wrapped cigarettes appeared to be PCP laced because the manner in which they were packaged and carried was, in Officer Hernandez's experience, indicative of the presence of PCP (dangerous drugs). The state's criminalist testified that the two cigarettes were tested and found to contain phencyclidine  PCP. The state's criminalist further testified that the cigarettes contained a sufficient amount of phencyclidine so that they were capable of affecting a user of the substance, and that they could be smoked. We accordingly must conclude that sufficient evidence was presented to the jury to satisfy the usability test.
REASONABLE DOUBT INSTRUCTION
The trial court gave the jury preliminary instructions as authorized by Rule 18.6(c), Arizona Rules of Criminal Procedure. These instructions included both an instruction that it was the state's burden to prove each element of the crime charged beyond a reasonable doubt and a definition of reasonable doubt. The trial lasted one day and the judge charged the jury the next morning. The judge's charge included an instruction setting forth the elements of the crime of possession of dangerous drugs. The judge did not reinstruct the jury on the state's burden of proving that appellant committed each element of the crime beyond a reasonable doubt. However, the jury did receive a copy of the preliminary instructions on reasonable doubt to take with them to the jury room.
Appellant argues, for the first time on appeal, that the trial judge's failure to again charge the jury at the close of the evidence on the state's burden of proof constituted fundamental reversible error. Appellant relies upon this court's opinion in State v. Marquez, 135 Ariz. 316, 660 P.2d 1243 (App. 1983), in support of his contention.
The state contends that the trial judge's failure to charge the jury on the state's burden of proof cannot be deemed fundamental error requiring reversal since the defendant in the instant case, unlike the defendant in Marquez, failed to request that the jury be so instructed, and did not object to the trial judge's failure to do so.
We agree with the state. In Marquez, counsel specifically requested that the jury be instructed again, at the end of the trial on the state's burden of proof, and emphatically voiced his disagreement with the trial judge's refusal to do so. We held that the trial judge erred in not honoring counsel's request. Here there was no such request *217 for the instruction. This fact, coupled with the fact that the jury was instructed on the state's burden of proof at the beginning of the trial, and the fact that the jury was given a copy of the preliminary instructions to take with them to the jury room, removes the case from the Marquez ambit. While it is error not to reinstruct the jury at the end of the trial on the state's burden of proof, it was not reversible error under the circumstances of this case.
The judgment and sentence are affirmed.
GRANT, P.J., and HAIRE, J., concur.
ORDER
GRANT, Presiding Judge.
The subject matter of this order has been considered by the court, Presiding Judge Grant, and Judges Haire and Eubank participating. On the court's own motion,
IT IS ORDERED redesignating this court's memorandum decision filed in this matter on November 29, 1983, as an opinion, to be published accordingly pursuant to Rule 48, Rules of the Arizona Supreme Court.
IT IS FURTHER ORDERED directing the clerk of this court to distribute the redesignated memorandum decision accordingly.