695 P.2d 742

**STATE of Arizona, Appellee,**

v.

**Robert JACKSON, Appellant.**

**No. 6451–PR.**

Supreme Court of Arizona,
In Banc.

Feb. 25, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Storrs & Storrs by Robert L. Storrs, Phoenix, for appellant.

CAMERON, Justice.

We granted defendant's petition for review of a memorandum decision of the Court of Appeals, Division One, to answer only one question: whether it is error in a criminal case to fail to instruct the jury on reasonable doubt following closing arguments, when the jury has been previously instructed prior to the taking of evidence.

Defendant was charged with burglary and theft with one prior conviction. After the jury was selected and sworn, the trial judge gave preliminary instructions to the jury including an instruction on reasonable doubt. At the close of evidence, even though requested by the defendant, the trial judge ruled that because she had previously instructed the jury on basic matters of law including reasonable doubt, she would not repeat that instruction. Instead,

she gave only those additional instructions not previously given.

Counsel for the defendant in closing argument referred extensively to the reasonable doubt instruction previously given. The matter was then submitted to the jury. All instructions, both those given prior to the taking of evidence and those given prior to submission, were reduced to writing and given to the jury together with the forms of verdict. The jury took the instructions into the jury room for reference during their deliberation.

*Citing State v. McVay*, 127 Ariz. 450, 622 P.2d 9 (1980), the Court of Appeals held that it was error not to reinstruct the jury on the State's burden of proof but that the matter was not reversible error. As the Court of Appeals pointed out:

> In this case, we note that the trial lasted less than a day and a half, the jurors were correctly instructed on the state's burden of proof at the beginning of trial, were reminded of that burden during defense counsel's closing argument, were provided with written copies of all the instructions, including the reasonable doubt instruction, and were advised to consider all of them when deliberating on the issue of appellant's guilt or innocence. Although it is error to fail to reinstruct the jury on the state's burden of proof at the close of the evidence, under all of the facts of this case and the holdings in *Kinkade* and *Jackson*, we conclude that the error is not fundamental and does not require reversal.

■ We agree with the decision of the Court of Appeals. Their decision was a memorandum decision pursuant to Rule 28, Arizona Rules of Civil Appellate Procedure, 17A A.R.S., and as such was unpublished. We granted the petition for review to reaffirm in a published opinion, for the guidance of all judges in the state, our position that certain basic instructions, including a reasonable doubt instruction, must be given by the court following closing arguments even though the jury had been previously instructed prior to the receipt of evidence.

■ There is nothing wrong with instructing the jurors as to reasonable doubt or other basic legal principles for their guidance prior to the receipt of evidence. Indeed, Rule 18.6(c) provides "[i]mmediately after the jury is sworn, the court shall instruct the jury concerning its duties, its conduct, the order of proceedings, and the elementary legal principles that will govern the proceeding." Rules of Criminal Procedure, 17 A.R.S. An instruction on burden of proof prior to the receipt of evidence can be helpful to the jury and is not to be discouraged.

However, closing jury instructions may not be dispensed with simply because they have been given prior to the receipt of evidence. Our rules provide first:

> a. Order of Proceedings. The trial court shall proceed in the following order unless otherwise directed by the court:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (7) The parties may present arguments, the prosecutor having the opening and closing.
>
> (8) The judge shall then charge the jury.

Rule 19.1, Arizona Rules of Criminal Procedure, 17 A.R.S. Second:

> "[a]t the close of the evidence or at such earlier time as the court directs, counsel for each party shall submit to the court his written requests for instructions and forms of verdict and shall furnish copies to the other parties."

Rule 21.2, Arizona Rules of Criminal Procedure, 17 A.R.S. Rules 19.1(a) and 21.2 when read together indicate that the judge should instruct the jury at the end of the evidence and oral argument. Instructing the jury at the close of the trial emphasizes the instruction's importance. Instructions given at the end of the trial just before the jury begins to deliberate will make more of an impression on the jury than those given prior to the receipt of the evidence. This is especially true when there has been a long trial. In such cases, failure to give the instructions could be reversible error. We

agree with a previous statement of the Court of Appeals:

> In order that there be no further confusion, we hold that the preliminary instruction of the jury, authorized by Rule 18.6(c), Rules of Criminal Procedure, is for the purpose of preparing the jury for the trial and constitutes an orientation process by which the jury is made to understand its duties and responsibilities. Where elementary legal principles that will govern the proceedings are given to the jury as a part of the orientation, the trial judge must repeat all such legal principles in its charge to the jury, where such legal principles include matters of law vital to the rights of a defendant.

*State v. Marquez*, 135 Ariz. 316, 322, 660 P.2d 1243, 1249 (App.1983).

■ Admittedly, this Court has held in *State v. Kinkade*, 140 Ariz. 91, 94, 680 P.2d 801, 804 (1984), that such error is not fundamental and, therefore, can be waived by the defendant's failure to object. *See also State v. Jackson*, 139 Ariz. 213, 216, 677 P.2d 1321, 1324 (App.1983). In this case, the defendant did object and it was error not to instruct.

■ As stated above, we granted review to reaffirm the law that basic fundamental instructions must be given at the close of the evidence. We need not reverse, however, because we can say beyond a reasonable doubt that the failure to instruct at the end of the trial did not influence the verdict of the jury. This is the test whether the error is denominated harmless as dealing with constitutional error or prejudicial as dealing with nonconstitutional error. *State v. McVay*, supra, 127 Ariz. at 453, 622 P.2d at 12. The decision of the Court of Appeals is approved and the convictions, judgments and sentences are affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.