821 P.2d 228

**STATE of Arizona, Appellee,**

v.

**Carl Dean JOHNSON, Appellant.**

**No. 1 CA–CR 90–029.**

Court of Appeals of Arizona,
Division 1, Department A.

June 25, 1991.

Review Granted Dec. 17, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., Mark Edward Hessinger, Asst. Atty. Gen., Phoenix, for appellee.

John M. Antieau, Phoenix, for appellant.

## OPINION

BROOKS, Presiding Judge.

Defendant Carl Dean Johnson appeals from the judgments of conviction and the sentences imposed after a jury found him guilty of one count of burglary in the first degree and two counts of aggravated assault. The sole issue raised is whether the trial court committed reversible error by failing to reinstruct the jury on reasonable doubt following closing arguments and by giving an instruction that improperly shifted the burden of proof. We find no reversible error and therefore affirm.

## PROCEDURAL HISTORY

Defendant was charged by indictment with one count of burglary in the first degree, a class 2 felony, and with two counts of aggravated assault, class 3 felonies. The state alleged that each of the crimes was dangerous. The jury found that defendant was guilty of all three offenses and that all three were dangerous. The trial court sentenced defendant to the presumptive term of 10.5 years on the burglary charge and to maximum terms of 15 years on each of the aggravated assault charges. It ordered that the sentences were to run consecutively. Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant argues that the trial court committed reversible error by failing to reinstruct the jury on reasonable doubt after closing arguments. When the trial court asked defendant's counsel whether he had any additions or corrections to offer with respect to the instructions that it had given at the close of arguments, defendant's counsel responded that he did not. Failure to object to the instructions given at trial waives the right to raise all but fundamental errors in the instructions on

appeal. *State v. White,* 160 Ariz. 24, 770 P.2d 328 (1989). Fundamental errors are those that go to the foundation of the case or that deprive the defendant of a right essential to his defense. *Id.* at 31, 770 P.2d at 335. Arizona courts have repeatedly held that it is error for the trial court not to give a reasonable doubt instruction following closing arguments. *See, e.g., State v. Jackson,* 144 Ariz. 53, 695 P.2d 742 (1985); *State v. Kinkade,* 140 Ariz. 91, 680 P.2d 801 (1984); *State v. Marquez,* 135 Ariz. 316, 660 P.2d 1243 (App.1983). However, we do not believe that the error was reversible in this case.

Our supreme court has held that the failure to give a reasonable doubt instruction after closing arguments does not require reversal where the trial is not a lengthy one and the jury is given a proper reasonable doubt instruction when trial begins, is reminded of the state's burden in closing argument, and is provided with a written copy of the instructions to refer to during its deliberations. *Jackson,* 144 Ariz. at 53–54, 695 P.2d at 742–43; *Kinkade,* 140 Ariz. at 94–95, 680 P.2d at 804–05. All of these circumstances were present in the instant case.

The trial court gave the jury a proper reasonable doubt instruction at the beginning of trial. Both sides presented their evidence and rested on the day that the jury received this instruction. The jury heard closing arguments and began its deliberations the next day. Counsel for both sides informed the jury during closing argument that the state had the burden of proving each element of its case against defendant to be true beyond a reasonable doubt. At the end of closing arguments, the trial court told the jury that it would not repeat the instructions that it had given at the beginning of trial, but that it would make a written copy of its instructions available for the jury to use during its deliberations. The jury took the copy of the instructions with it into the jury room.

■ Defendant nevertheless maintains that reversible error occurred because in addition to failing to reinstruct the jury on reasonable doubt, the trial court gave an instruction that improperly shifted the burden of proof. After closing argument, the trial court gave the jury additional instructions. These included the following instruction, which the court gave in response to the state's request that it inform the jury that the allegations of dangerousness must be found to be true beyond a reasonable doubt:

> I want to make it perfectly clear that your decision of guilty or not guilty must be based upon your conviction beyond a reasonable doubt, whatever that conviction is.
>
> If on any count you find the defendant guilty, then your determination as to whether the allegation of dangerousness is true or not true must also be beyond a reasonable doubt.

Defendant did not object when this instruction was given. However, he argues on appeal that it misstated the burden of proof and led the jury to believe that it could not acquit him unless it was convinced beyond a reasonable doubt that he was innocent.

■ In order to determine whether jury instructions adequately reflect the law, we must view them in their entirety. *State v. Walton,* 159 Ariz. 571, 769 P.2d 1017 (1989). We do not believe that the jury was misled by this instruction because it received other instructions which properly explained that a defendant is presumed to be innocent and that the presumption continues until the state meets its burden of proving his guilt beyond a reasonable doubt.

In the process of impaneling the jury, the trial court made the following statement:

> In a criminal case a defendant is presumed by law to be innocent of the charges in the indictment, and he continues in that presumption until you are convinced beyond a reasonable doubt by the sworn testimony and the exhibits presented in this court in this trial that he is guilty. I think each one of you started learning that probably about the fifth grade level, and it hasn't changed.
>
> Is there anyone here who does not understand that fundamental principle?

Now, lots of times I see people nodding their heads with sort of an expression of disbelief. We expect you to apply that principle in this case if you are a trial juror. And the law requires you to look at Mr. Johnson—and do it right now—know that he is accused of one count of burglary and two counts of aggravated assault, and to presume that he is innocent of those charges and each of them, and to continue in that presumption until you are convinced beyond a reasonable doubt by the evidence presented in this court that he is guilty.

After the jury was impaneled, but before trial began, the trial court gave the jury the following instructions:

The defendant has pled not guilty, which means that the state must prove every part of the charge beyond a reasonable doubt. The state must prove that the defendant has done an act which is forbidden by law, and that he intended to do it. . . .

The law does not require a defendant to prove his innocence. He is presumed by law to be innocent. This means that the state must prove all of its case against the defendant beyond a reasonable doubt.

. . . .

No verdict may be based on mere suspicion, probability or supposition. Since the burden is upon the state to prove the defendant guilty beyond a reasonable doubt, a defendant has the right to rely upon a failure, if any, of the state to establish such proof.

During closing argument, counsel for the state reminded the jury of the presumption of innocence in favor of the defendant. Counsel for both sides reiterated the state's burden of proof. Defense counsel emphasized the state's burden by saying that he did not have to prove anything. Finally, the jury was given a written copy of the court's instructions to take with it into the jury room. We do not believe that under these circumstances the instruction in question resulted in reversible error by causing the jury to think that defendant was required to prove his innocence. However, as has been done on at least three prior occasions, *see Jackson,* 144 Ariz. at 54–55, 695 P.2d at 743–44; *Kinkade,* 140 Ariz. at 94–95, 680 P.2d at 804–05; *Marquez,* 135 Ariz. at 320–22, 660 P.2d at 1247–49, we *again* remind this trial court of the following:

[T]he preliminary instruction of the jury, authorized by Rule 18.6(c), Rules of Criminal Procedure, is for the purpose of preparing the jury for the trial and constitutes an orientation process by which the jury is made to understand its duties and responsibilities. Where elementary legal principles that will govern the proceedings are given to the jury as part of the orientation, the trial judge must repeat all such legal principles in its charge to the jury, where such legal principles include matters of law vital to the rights of a defendant.

*Jackson,* 144 Ariz. at 55, 695 P.2d at 744 (quoting *Marquez,* 135 Ariz. at 322, 660 P.2d at 1249).

Pursuant to A.R.S. section 13–4035, we have read and considered the entire record for fundamental error and we have found none.

Defendant's convictions and sentences are affirmed.

CONTRERAS, J., concurs.

JACOBSON, Judge, dissenting.

The appellate courts of this state must at long last tell this recalcitrant trial judge, who appears to be the only trial judge in Arizona to follow this practice, that the procedure she insists upon utilizing results in reversible error.

This is at least the fifth time in the last eight years that appellate courts have been required to review and comment on the practice of refusing to reinstruct juries in criminal cases after the close of evidence on basic legal principles that must guide the jury in performing its duties. A review of this frustrating appellate exercise is in order.

This practice was first subject to published appellate review in *State v. Marquez,* 135 Ariz. 316, 660 P.2d 1243 (App.1983). In

that case, defense counsel objected to the trial court's failure to reinstruct the jury after the close of all the evidence and argument of counsel. The trial court overruled the objection. This court held that the refusal to reinstruct the jury on reasonable doubt was reversible error and commented:

> In order that there be no further confusion, we hold that the preliminary instruction of the jury, authorized by Rule 18.6(c), Rules of Criminal Procedure, is for the purpose of preparing the jury for the trial and constitutes an orientation process by which the jury is made to understand its duties and responsibilities. Where elementary legal principles that will govern the proceedings are given to the jury as a part of the orientation, the trial judge must repeat all such legal principles in its charge to the jury, where such legal principles include matters of law vital to the rights of a defendant.

*Id.* at 322, 660 P.2d at 1249.

The following year, in *State v. Jackson,* 139 Ariz. 213, 677 P.2d 1321 (App.1984), we again reviewed this practice, but in the context of defense counsel's failure to object to the procedure. We held that, "[W]hile it is error not to reinstruct the jury at the end of the trial on the state's burden of proof, it was not reversible error under the circumstances of this case." *Id.* at 217, 677 P.2d at 1325.

In 1984, the Arizona Supreme Court examined the practice of not reinstructing at the close of evidence in *State v. Kinkade,* 140 Ariz. 91, 680 P.2d 801 (1984). Again, counsel had failed to object, and, under the circumstances of that case, the court held:

> It does not appear that the failure to re-read this instruction affected the jury's understanding of the burden of proof placed on the state. *Though we think it would avoid error for trial courts to repeat the reasonable doubt and other instructions at the end of the case,* in this specific set of facts we do not find fundamental error.

*Id.* at 94–95, 680 P.2d at 804–05 (emphasis added).

In *State v. Jackson,* 144 Ariz. 53, 695 P.2d 742 (1985), although again finding this practice error, but harmless, the Arizona Supreme Court commented:

> We granted the petition for review to reaffirm in a published opinion, for the guidance of all judges in the state, our position that certain basic instructions, including a reasonable doubt instruction, must be given by the court following closing arguments even though the jury had been previously instructed prior to the receipt of evidence.

*Id.* at 54, 695 P.2d at 743.

Here we are again, eight years after *Marquez,* still expending judicial resources, monies, and energies, reviewing a discredited, criticized, and in my opinion, fundamentally unfair practice. I realize that, under certain circumstances, the practice has been held by our supreme court to constitute harmless error rather than reversible error. The reasons advanced for this position are set forth in the majority opinion: (1) the trial is not lengthy, (2) the jury is given proper reasonable doubt instruction when trial begins, (3) counsel reminds the jury of the state's burden in closing arguments, and (4) the jury is provided with a written copy of the instructions for review during deliberations. In the hope that the supreme court will revisit this issue, I offer the following observations.

First, an argument can be made that the preparatory instructions are given at a time in the trial when jurors do not realize the legal significance of the information they are receiving. The responsibility they are undertaking, that is, the final determination of guilt or innocence based on the evidence, has not yet been brought home to them. Retention of legal instructions during this "settling in" period is doubtful. Thus, I would argue that the length of the trial is immaterial.[1]

---

1. The majority rationale assumes that information recently conveyed is more readily retrievable. I would argue, with at least the same amount of empirical data (none), that pretrial jury "jitters" make the average juror remember little of preparatory information, especially complex concepts such as reasonable doubt.

Second, the majority's position assumes that counsel will inform the jury during closing arguments of the reasonable doubt burden borne by the state. However, in the same instruction given at the beginning of trial, which is supposed to comply with the fundamental right to have the jury instructed on reasonable doubt, the jury is also informed: "Arguments, statement and comments of counsel are *not* evidence ... you are to disregard any comment which has no basis in the evidence." (Emphasis in the written instruction submitted to the jury in this case.) Which concept do jurors best remember: the concept of reasonable doubt, or the admonition that they are to disregard the arguments of counsel as evidence?

Finally, while the mandatory practice of allowing the written instructions to be taken into the jury room is desirable, there is no evidence that in those cases where no follow-up instructions are given, the jury in fact reviews those written instructions.

In short, the supposition that it is harmless error to fail to instruct jurors at a time when the full weight of their responsibilities are upon them is based upon unproven speculation. Guilt or innocence should not rest upon such a frail foundation. I would therefore argue that fundamental, reversible error occurs in failing to reinstruct the jury on reasonable doubt without further consideration.

But in this case there is more. After failing to give a proper instruction on reasonable doubt at the close of evidence and argument, the trial judge compounded the error by giving an instruction that was clearly improper. In closing instructions, this jury heard from the judge, who is supposed to know the law, that "your decision of guilty or not guilty must be based upon your conviction beyond a reasonable doubt." This is a misstatement of the law and erroneously shifts the burden to defendant to prove his innocence. The majority again contends this is harmless based upon the correct statement of reasonable doubt given at the beginning of the trial. I have adequately rejected the supposition that the jury remembered this correct instruc-

tion. Rather, I presume the jury remembered the more recent incorrect instruction, which cast upon defendant the impermissible burden of proving his innocence beyond a reasonable doubt.

I would reverse.