842 P.2d 1287

**STATE of Arizona, Appellee,**

v.

**Carl Dean JOHNSON, Appellant.**

**No. CR–91–0237–PR.**

Supreme Court of Arizona.

Nov. 24, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Crane McClennen, Randall M. Howe, Asst. Attys. Gen., Phoenix, for appellee.

John M. Antieau, Phoenix, for appellant.

## OPINION

ZLAKET, Justice.

Carl Dean Johnson was charged with two counts of aggravated assault and one count of first degree burglary. On the opening day of trial, the judge preliminarily instructed the jury that defendant was innocent until proven guilty beyond a reasonable doubt. The presentation of evidence took the rest of that day. On the next day, the lawyers gave closing arguments, in which both reiterated the state's burden of proof.

The trial judge then delivered additional jury instructions, but did not repeat those previously given. She did not reinstruct on the state's burden of proof. Neither counsel requested reinstruction or objected to the court's failure to do so. In a bench conference, however, the prosecutor asked

for modification of the special form of verdict to advise the jurors that the allegation of "dangerousness" had to be proven beyond a reasonable doubt. The judge responded by immediately giving the jury the following oral charge, which had neither been prepared in writing nor approved by counsel in advance—a practice we do not condone for obvious reasons:

THE COURT: *I want to make it perfectly clear that your decision of guilty or not guilty must be based upon your conviction beyond a reasonable doubt, whatever that conviction is.*

*If on any count you find the defendant guilty, then your determination as to whether the allegation of dangerousness is true or not true must also be beyond a reasonable doubt.*

(Emphasis added.) Neither counsel objected. A written copy of the instructions, including those read at the beginning of trial, but excluding the foregoing extemporaneous oral charge, was given to the jurors for use in their deliberations.

Defendant was convicted on all counts, and thereafter was sentenced to consecutive prison terms of ten and one-half years on the burglary count, and fifteen years on each of the aggravated assault counts. The court of appeals affirmed the convictions, with one judge strongly dissenting. *State v. Johnson*, 169 Ariz. 567, 821 P.2d 228 (Ct.App.1991). We granted review because we believe that the failure to reinstruct the jury at the close of the case on basic legal principles vital to defendant's rights, when coupled with the erroneous burden of proof instruction given just before the jury began deliberations, mandates a new trial. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 13–4035.

In the past nine years, this court and the court of appeals have published four separate opinions stating the importance of reinstructing a jury on the burden of proof at the close of a case. Each of those opinions involved the same trial judge as the instant case. In *State v. Marquez*, 135 Ariz. 316, 660 P.2d 1243 (Ct.App.1983), the court of appeals held that failure to reinstruct on the burden of proof after a defendant's request is reversible error, stating:

In order that there be no further confusion, we hold that the preliminary instruction of the jury, authorized by Rule 18.6(c), Rules of Criminal Procedure, is for the purpose of preparing the jury for the trial and constitutes an orientation process by which the jury is made to understand its duties and responsibilities. Where elementary legal principles that will govern the proceedings are given to the jury as a part of the orientation, *the trial judge must repeat all such legal principles in its charge to the jury, where such legal principles include matters of law vital to the rights of a defendant.*

*Id.* at 322, 660 P.2d at 1249 (emphasis added).

That same year, in *State v. Jackson*, 139 Ariz. 213, 677 P.2d 1321 (Ct.App.1983), the court of appeals again stated that this judge's failure to reinstruct the jury was error. The court held, however, that absent a party's request for reinstruction, the error was not reversible where the trial lasted only one day and the jury had received preliminary instructions. 139 Ariz. at 217, 677 P.2d at 1325.

This court addressed the issue the following year in *State v. Kinkade*, 140 Ariz. 91, 680 P.2d 801 (1984), where the trial judge failed to reinstruct the jury on the burden of proof, but neither the state nor the defense objected. The court held it was error not to reinstruct, but the error was not "fundamental" under the facts of that case. 140 Ariz. at 94, 680 P.2d at 804. The jury had been instructed on reasonable doubt at the beginning of trial, took a copy of the instructions into the jury room, and the lawyers reiterated the burden of proof in closing argument. It did not appear to this court that the jurors' understanding of the state's burden had been compromised, and thus the failure to object was deemed a waiver.

We again faced the issue in *State v. Jackson*, 144 Ariz. 53, 695 P.2d 742 (1985), where defendant requested reinstruction on the burden of proof, but the judge re-

fused. Defendant thereafter objected. This court held once more it was error not to reinstruct, but did not reverse because "we can say beyond a reasonable doubt that the failure to instruct at the end of the trial did not influence the verdict of the jury." 144 Ariz. at 55, 695 P.2d at 744. The court noted that the trial had been brief, the jurors were provided with written copies of the instructions, and counsel in final argument discussed the burden of proof charge previously given. *Id.* at 54, 695 P.2d at 743.

We are again compelled to address this issue, which long ago should have been put to rest. That only one of the above cases resulted in reversal should not have obscured their message. We say once more, without equivocation, that judges *must* instruct juries on basic legal principles, including burden of proof and reasonable doubt, following the evidence and before the commencement of deliberations. This is so even though a jury has been instructed prior to the presentation of evidence, and regardless of the brevity of the trial. The failure to reinstruct on such important matters at the conclusion of a case is error, as has been repeatedly stated for the past nine years. This error is not necessarily obviated by furnishing written copies of instructions to jurors, or by the fact that lawyers have argued the instructions in summation.

Common sense and experience tell us that jurors give special credence to the pronouncements of judges. Preliminary instructions prepare a jury for trial and constitute an orientation by which the jury is made to understand its duties and responsibilities. *Marquez,* 135 Ariz. at 322, 660 P.2d at 1249. Instructions given just before the jury deliberates will likely make more of an impression than those given prior to the presentation of evidence. *Jackson,* 144 Ariz. at 54, 695 P.2d at 743. A few extra minutes to reinstruct on basic legal principles is the modest cost of this additional safeguard to the rights of an accused.

By our decision today, we do not overrule prior case law holding that the failure to reinstruct is an error which can be waived. The inquiry in each case must necessarily be fact specific. Here, the failure to reinstruct is reversible because it was combined with the giving of a clearly erroneous instruction just before the jury began its deliberations. The last burden of proof instruction the jurors heard told them, in part, "your decision of guilty or not guilty must be based upon your conviction beyond a reasonable doubt." That instruction improperly shifted the burden to the defendant to prove his innocence beyond a reasonable doubt. *See State v. Hunter,* 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984) (holding it was fundamental error to give jury instructions improperly shifting the burden of proof to the defense); and *State v. Mincey,* 130 Ariz. 389, 398, 636 P.2d 637, 646 (1981), *cert. denied,* 455 U.S. 1003, 102 S.Ct. 1638, 71 L.Ed.2d 871 (1982) (same). We cannot now say beyond a reasonable doubt that the verdict was unaffected. *See State v. McVay,* 127 Ariz. 450, 453, 622 P.2d 9, 12 (1980).

Even where evidence of guilt appears overwhelming, we have an obligation to ensure that the judicial process is properly accomplished. We are charged under Art. 6, § 3 of the Arizona Constitution with administrative supervisory responsibility over the courts of this state, and we are unable to sit idly by while prescribed judicial procedures are ignored out of personal preference or convenience, or for any other unjustifiable cause. There is no suggestion in this record that the trial judge had a valid reason for ignoring the legal precedents previously recounted.

Our dissenting colleagues argue that because the trial appears to them to have been "fair," the lower court's errors should be overlooked. This "no harm, no foul" analysis sends the wrong message here. It ignores the fact that the integrity of the process by which human beings are incarcerated, or worse, is at least as important as the result in any particular case. A judicial system solidly grounded in rules of law protects citizens from the whims of those in power, including judges. Thus, contrary to the suggestion contained in one

of the dissents, there *is* a legitimate goal to be served by ensuring that trials are conducted in accordance with settled legal principles and procedures. Though striving for that goal might exact the price of an occasional reversal, history teaches us the price is worth paying. The error below was not merely "technical," as the dissent claims, nor is our decision today the result of anything so trivial as "frustration with a trial judge." The instruction given was clearly wrong. More importantly, it was contrary to the presumption of innocence that stands among the basic foundations of the American criminal justice system. No legal principle has greater significance in a criminal trial.

As to the court's failure to reinstruct, the procedural rules cited by one of the dissents could not have bestowed upon the trial judge discretion to ignore the clear pronouncements of four prior appellate decisions, unless we are prepared to abandon altogether the doctrine of stare decisis. Although the state conceded at oral argument that it would likely have been futile to request this judge to correct the erroneous instruction, or to reinstruct on the presumption of innocence, we do not condone the failure of the lawyers to have made proper and timely objections. Nonetheless, we cannot excuse the judge for having failed to carry out her clear responsibilities under the law, especially where human liberty was at stake. Numerous published decisions left no doubt as to the nature of those responsibilities with respect to jury reinstruction.

The opinion of the court of appeals is vacated. The convictions and sentences are reversed. The matter is remanded for a new trial.

MOELLER, Vice Chief Justice, specially concurring.

I concur in the result.

MARTONE, Justice, dissenting.

The court fails to distinguish between its frustration with a trial judge on the one hand, and its independent duty to evaluate the fairness of the defendant's trial on the other. Its reversal will not otherwise deter the trial judge. Thus, an otherwise fair trial is scuttled without purpose.

Let us look at the fairness of the trial unclouded by the conduct of the trial judge. After the jury was sworn, the court gave a proper reasonable doubt instruction under Rule 18.6(c), Ariz.R.Crim.P. Neither side asked the trial judge to reinstruct the jury on reasonable doubt after the close of the evidence. Neither side objected to the spontaneous and garbled verbal instruction. The written instructions given to the jury to guide it in its deliberations included the correct reasonable doubt instruction. *State v. Kinkade*, 140 Ariz. 91, 680 P.2d 801 (1984), informs us that Rule 21.3(c), Ariz.R.Crim.P., means that the failure to object is a waiver and that the failure to recharge a jury on reasonable doubt is not fundamental error on facts comparable to those present here.

*State v. Jackson*, 144 Ariz. 53, 695 P.2d 742 (1985), informs us that even where there is objection, the court must engage in a harmless error analysis. Without looking at the evidence in the case, the court reverses here because the failure to reinstruct was combined with the giving of the "guilty or not guilty" oral instruction. The court says that it cannot say beyond a reasonable doubt that the verdict was unaffected by the words "or not guilty." I disagree. The evidence in this case was so overwhelming, so adequate, so independent of the words "or not guilty," that the error was harmless beyond a reasonable doubt.

These facts are from the defendant's own brief. The defendant and his accomplice forced open the victims' door and while the accomplice held them, the defendant stabbed them both. The defendant was the employee of the victims. The defendant's defense was that he was drunk and under the influence of other substances. The defendant told one of the victims that he was sorry, and that he had been "out of it."

In the face of this evidence, it is hard to imagine any jury being confused by the words "or not guilty." Even if any juror thought that those words required proof

beyond a reasonable doubt for a not guilty verdict, the fact remains that the jury returned a verdict of guilty beyond a reasonable doubt. It did not hang. Whatever error was committed did not influence the jury—the overwhelming evidence did.

In *State v. Gendron,* 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991), we said that "an Arizona appellate court should not reverse a case on the ground of fundamental error unless its analysis of the entire record permits it to set forth reasons clearly demonstrating that the case falls within our definition of fundamental error." We there noted that even the failure to give a presumption of innocence instruction is not *per se* fundamental error.

Article 6, § 27, of the Arizona Constitution provides that "[n]o cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done." Looking at the overwhelming evidence of guilt in this case, the absence of any significant defense, the giving of the reasonable doubt instruction after the jury was sworn, the failure of counsel to request reinstruction, the failure of counsel to object to the verbal instruction with the words "or not guilty," and the giving of written instructions at the close of the evidence which included a correct reasonable doubt instruction, it is hard for me to understand how the court concludes that upon the whole case substantial justice has not been done.

The defendant's trial here was no less fair than other trials at which the trial judge has presided and in which this court affirmed convictions. What has changed is this court's frustration level. *Ante,* 173 Ariz. at 275, 276, and 277, 842 P.2d at 1288, 1289, and 1290. See Judge Jacobson's dissenting opinion below, *State v. Johnson,* 169 Ariz. 567, 570, 821 P.2d 228, 231 (App. 1991). But a reversal here does not promote any legitimate goal. The defendant should not profit from the court's displea-

sure with the trial judge, nor should the public suffer from the defendant's presence on the streets. His trial was fair. The jury found him guilty beyond a reasonable doubt and after examining the record it is hard to imagine any other result. Nor is there any reason to believe that this reversal will change the practice of the trial judge. After all, the reversal in *State v. Marquez,* 135 Ariz. 316, 660 P.2d 1243 (App.1983), had no such effect.

We live in an age in which our view of the trial is not as rigid as it once was. Our rules, on their face, give the trial judge broad discretion in the conduct of the trial. Rule 19.1(a)(8), Ariz.R.Crim.P., does suggest that the judge will charge the jury after argument, "unless otherwise directed by the court." Thus, a trial judge could easily conclude that that rule is ample authority to experiment with the order of proceedings. In addition, Rule 21.1, Ariz. R.Crim.P., provides that the law relating to civil instructions applies to criminal actions except as otherwise provided. Rule 51(a), Ariz.R.Civ.P., was recently amended to allow the court at its election to instruct the jury before or after argument or both. And nowhere in Rule 39(b), Ariz.R.Civ.P., which prescribes the order of trial by jury, is there any mention of the charge to the jury.

Thus, I am not persuaded that the trial judge's failure to orally recharge a jury upon matters that have already been the subject of an earlier oral charge and that will be the subject of a written charge is not within judicial discretion. But if the court thinks otherwise, and it apparently does, then, as an alternative to reversal, it could focus its concern on ways to ensure compliance by the trial judge.[1]

So we are right back where we started. We reverse a conviction in which the defendant got a fair trial, and the trial judge will likely continue to conduct the order of trial in her way. For all these reasons, I dissent.

---

**1.** *See, e.g.,* Canon 3(A)(1), Code of Judicial Conduct. ("A judge should be faithful to the law....."). The court could simply enter an order requiring the trial judge to orally instruct the jury on reasonable doubt at the close of the evidence in every criminal case, whether requested to or not.

**CORCORAN, Justice, dissenting:**

I too respectfully dissent. This court should affirm the defendant's convictions and sentences. I agree with Justice Martone that the defendant has had a fair trial—"substantial justice has been done." Ariz. Const. art. 6, § 27. The defendant is entitled to no more. The result of the reversal will be that the victims will be dragged back into court to again testify—if the victims can be found. The victims are entitled to better than that.

The majority finds that this court cannot say beyond a reasonable doubt that the trial court's error did not affect the verdict; I do not agree. We can and should so find. I also do not agree with the implication by the majority that a party does not have to object during trial if the party feels that objection "would likely have been futile."