859 P.2d 741

**STATE of Arizona, Appellee,**

**v.**

**John Thomas ROMANOSKY, Appellant.**

**No. CR–90–0105–AP.**

Supreme Court of Arizona,
En Banc.

Oct. 5, 1993.

Grant Woods, Atty. Gen., Phoenix, by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, for appellee.

Neal W. Bassett, Phoenix, for appellant.

### OPINION

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

At trial, the state's theory was that defendant and two accomplices robbed the victim and his wife in their Phoenix motel room. During the course of the robbery, the victim was shot and killed. At his first trial, defendant was convicted of first degree murder, armed robbery, and aggravat-

ed assault. Because of evidentiary errors, we reversed and remanded for a new trial. *State v. Romanosky*, 162 Ariz. 217, 782 P.2d 693 (1989). The evidence is summarized in the earlier opinion and need not be restated here. At his second trial, the trial court dismissed the aggravated assault count at the close of the state's case. Defendant did not testify at trial, and his defense was that the state failed to prove its case beyond a reasonable doubt. The jury convicted defendant of armed robbery and felony murder. He received the death penalty for the murder and 28 years for the armed robbery. Appeal to this court is automatic. We have jurisdiction pursuant to Ariz. Const. art. VI, § 5(3) and A.R.S. §§ 13–4031, 13–4033, and 13–4035.

On appeal, defendant raises numerous issues, many of which relate to the jury selection phase or the penalty phase. In this opinion, we do not discuss those issues unlikely to arise at a new trial before a different judge, or issues that are moot until and unless defendant is again convicted and sentenced to death. *See Romanosky*, 162 Ariz. at 226–27, 782 P.2d at 702–03. Because the trial judge did not instruct the jury on the doctrine of reasonable doubt at the end of the case, we reverse. We discuss only the facts relevant to that issue.

### ISSUE

Whether a new trial is required because the trial court did not instruct the jury on the doctrine of reasonable doubt at the end of the case.

### DISCUSSION

**I. Requirement of Reasonable Doubt Instruction at the End of the Case**

On the first day of trial, the trial judge preliminarily instructed the jury that in order to convict defendant, the state had to prove defendant guilty of every element of the crimes charged beyond a reasonable doubt. At that same time, the then three-count indictment was read to the jury, but the crimes charged were not defined as they were at the end of the trial. Four

days and 26 witnesses later, the lawyers made closing arguments. Both mentioned the state's burden of proving guilt beyond a reasonable doubt. The trial judge then gave additional instructions to the jury, but did not repeat those previously given. There was no reinstruction on the reasonable doubt standard. The judge did provide the jury with a written copy of the instructions that had been given the first day of trial, as well as a copy of those given at the end.

Defendant argues that the trial judge's practice of refusing to instruct the jury on the reasonable doubt standard at the close of the evidence is reversible error. It is well-settled that failure or refusal to instruct the jury at the close of the evidence on the state's burden of proof after a request by the defendant is error. The appellate courts of this state have so held in five cases: *State v. Johnson*, 173 Ariz. 274, 276, 842 P.2d 1287, 1289 (1992); *State v. Jackson (Robert)*, 144 Ariz. 53, 54, 695 P.2d 742, 743 (1985); *State v. Kinkade*, 140 Ariz. 91, 94–95, 680 P.2d 801, 804–05 (1984); *State v. Jackson (Richard)*, 139 Ariz. 213, 217, 677 P.2d 1321, 1325 (App.1983); *State v. Marquez*, 135 Ariz. 316, 321, 660 P.2d 1243, 1248 (App.1983). Each of these five published opinions involved the same trial judge that presided over defendant's trial here. Four of the five opinions were issued before the trial in this case.

The state necessarily acknowledges the clear rule requiring instruction on reasonable doubt at the close of the case. The state argues, however, that the jury in this case was in fact instructed on the reasonable doubt standard at the close of the evidence, and that only a *definition* of reasonable doubt, which is not required, is lacking. *See State v. Bracy*, 145 Ariz. 520, 535, 703 P.2d 464, 479 (1985), *cert. denied*, 474 U.S. 1110, 106 S.Ct. 898, 88 L.Ed.2d 932 (1986). In support of this claim, the state relies on the following instruction given at the end of the case: "You may not find the defendant guilty of first degree murder unless you find beyond a reasonable doubt that at the time of the

killing, the defendant was engaged in the commission of a robbery as defined in these instructions." This instruction was given immediately following the felony murder instruction. This, however, falls short because the jury was told only that the reasonable doubt standard applied to robbery. The jury was not instructed that the standard applied to *every element* of robbery or of felony murder. The jury was not told that the state must prove beyond a reasonable doubt that the killing was done in the course of and in furtherance of or in flight from the robbery and that defendant or another person involved in the robbery caused the death. *See* A.R.S. § 13–1105(A)(2). The state correctly asserts that it is not necessary for the trial court to *define* reasonable doubt for the jury, *Bracy*, 145 Ariz. at 535, 703 P.2d at 479. However, under our cases, the jury must be instructed concerning the application of the doctrine to each element at the close of the case. *See, e.g., State v. Pederson*, 102 Ariz. 60, 68, 424 P.2d 810, 818 (1967).

## II. Preservation of the Issue

The state also contends that defendant failed to preserve the reasonable doubt issue for appeal and, therefore, our review is limited to one for fundamental error. *See State v. Gendron*, 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991); Rule 21.3(c), Ariz. R.Crim.P. We disagree. The record shows defendant adequately preserved the issue in the trial court.

During defense counsel's opening statement, he began discussing the standard of reasonable doubt. The trial judge interrupted, directed counsel to go on to "what the evidence will show," and stated that "at the appropriate time I will give the instructions of law." On the next-to-last day of trial, the trial judge informed the attorneys that she would not reread the instructions given at the beginning of the trial. The instructions separately requested by defendant included a reasonable doubt instruction. On the last trial day, the trial court asked if there were any objections to the instructions already given or those about to be read to the jury. Defense counsel stated: "Your Honor, your own proposed instructions are acceptable to the defense. I would again reurge my suggested or requested instructions...."

In considering the adequacy of the record, we note also that a request to give a reasonable doubt instruction (which is commonly given without request in criminal cases) is somewhat different than a request to give an evidence-based instruction, where the party may need to demonstrate to the trial court an evidentiary basis for the instruction. The reasonable doubt instruction is applicable in all criminal cases regardless of the evidence. The basis for requesting it, in those rare cases where the trial court itself does not intend to give it, is self-evident.

The record made by defense counsel here was adequate to put the trial judge on notice of her error in not reinstructing the jury on reasonable doubt. Given the unique history of this subject, any further request was both unnecessary and futile. The trial court's failure to give the requested instruction here was error, and the error was not waived.

## III. Harmless Error Analysis

■ Our foregoing conclusions do not end our inquiry. We must next determine whether the error was harmless.[1] To constitute harmless error, we must be able to conclude beyond a reasonable doubt that the failure to reinstruct at the end of the trial did not influence the jury's verdict. *See Jackson*, 144 Ariz. at 55, 695 P.2d at

---

1. In *Sullivan v. Louisiana*, —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), the Supreme Court held that a constitutionally deficient reasonable doubt instruction is a "structural error" that is not subject to a harmless error analysis. In *Sullivan*, the instruction given defined reasonable doubt in terms that required a higher degree of doubt than necessary. Here, however, we deal primarily with the timing of the instruction, not its validity. We have held in earlier cases that this issue is subject to a harmless error analysis. *See Johnson*, 173 Ariz. at 276, 842 P.2d at 1289; *Jackson*, 144 Ariz. at 55, 695 P.2d at 744. Although *Sullivan* is distinguishable, it illustrates the importance of proper instructions on reasonable doubt.

744. Here, we are unable to reach such a conclusion. As noted in *Johnson*, 173 Ariz. at 276, 842 P.2d at 1289, the failure to give a reasonable doubt instruction at the end of the case "is not necessarily obviated by furnishing written copies of instructions to jurors, or by the fact that lawyers have argued the instructions in summation." This trial involved over 25 witnesses. The instructions received by the jury on the first day of trial included only a statement of the basic principle of reasonable doubt without any reference to defined elements of defined crimes. The crimes themselves were undefined until the end of the case, and the jury was not told at the end of the case that the reasonable doubt standard applied to each element of the defined crimes. From our reading of the record, defendant's only defense was the doctrine of reasonable doubt. The attenuated instruction given at the start of the case was insufficient, given the paramount importance of the doctrine of reasonable doubt. We cannot say the error was harmless in this capital case.

## DISPOSITION

A new trial is required. The convictions are reversed, and this case is remanded to the trial court for a new trial. In accordance with this court's order of January 26, 1993, the case will be reassigned to a different trial judge upon remand.

FELDMAN, C.J., and CORCORAN and ZLAKET, JJ., concur.

MARTONE, Justice, dissenting.

I dissent for the reasons set out in detail in my dissenting opinion in *State v. Johnson*, 173 Ariz. 274, 277, 842 P.2d 1287, 1290 (1992). I would not reverse this case on the reasonable doubt instruction issue.[1] Nor do I believe the defendant preserved the issue. The general request to give this instruction was not enough. Rule 21.3(c), Ariz.R.Crim.P., states that a party must not only object to the failure to give an instruction, but must state "distinctly the

matter to which he objects and grounds of his objection." *E.g., State v. Schurz*, 176 Ariz. 46, 154, 859 P.2d 156, 164 (1993) ("A general objection to the failure to give an instruction does not preserve the point."). Thus, this is a fundamental error case, and for the reasons stated in *Johnson*, there is no fundamental error here. Even if the error were preserved, I believe it to be harmless, again, for the reasons stated in my dissent in *Johnson*.

---

1. The issue of the exclusion of the defense investigator from the courtroom, in violation of Rule 9.3(d), Ariz.R.Crim.P., is quite another matter which, inexplicably, the court fails to reach.