NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LORENZO HERNANDEZ, III, *Appellant.*

No. 1 CA-CR 15-0291
FILED 6-30-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201400587
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**C A T T A N I**, Judge:

¶1 Lorenzo Hernandez III appeals his convictions and sentences for aggravated assault, disorderly conduct, misconduct involving weapons, possession of marijuana, and child abuse. Hernandez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Hernandez was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Hernandez's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2 One morning in April 2014, Hernandez and his wife were arguing in their bedroom. When his wife left the room, Hernandez told her "[she]'d regret it" if she did not come back. His wife instead joined their 17-year-old daughter in the living room, and both of them heard the sound of Hernandez cocking a gun.

¶3 Hernandez saw his wife and daughter leave the residence, and he went outside and fired one shot as they drove away. Hernandez's wife and daughter called 9-1-1.

¶4 After speaking to Hernandez's wife and daughter, Mohave County Sheriff's deputies found Hernandez sitting at home on the porch steps. A deputy read Hernandez his *Miranda* rights, and while frisking him for weapons, found a small canister containing marijuana. Hernandez admitted that the marijuana was his.

¶5 With Hernandez's wife's consent, the deputies searched the home. The deputies did not find the gun Hernandez had fired earlier that day, but they found a pistol and a sawed-off shotgun with an eight-inch barrel. Although Hernandez had previously denied having any weapons in the house, he admitted the guns were his.

¶6 Hernandez was arrested and charged with aggravated assault, disorderly conduct, and child abuse (all alleged as dangerous, domestic violence offenses), as well as misconduct involving weapons and possession of marijuana. After a two-day trial, a jury found Hernandez guilty of a lesser-included child abuse offense (reckless rather than intentional/knowing), and found him guilty as charged in all other respects. The superior court found multiple mitigating circumstances and sentenced Hernandez to concurrent, mitigated terms of imprisonment, the longest of which is five years, with credit for 359 days of presentence incarceration. Hernandez timely appealed.

## DISCUSSION

¶7 We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶8 Hernandez was present and represented by counsel at all critical stages of the proceedings against him. The record reflects that the superior court afforded Hernandez all of his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Hernandez's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

¶9 We note that, through an apparent oversight and without objection from either party, the superior court did not give the standard presumption of innocence jury instruction. But, the court informed the jury of the presumption of innocence during voir dire, and instructed the jury on the State's burden to prove guilt beyond a reasonable doubt, and that Hernandez was not required to testify or present evidence of any kind. Although a defendant is entitled to a presumption of innocence instruction, under the circumstances here (including the lack of objection, other instructions provided, and overwhelming evidence of guilt) the failure to instruct was not fundamental, prejudicial error. *See Kentucky v. Whorton*, 441 U.S. 786, 789 (1979); *State v. White*, 160 Ariz. 24, 31–32 (1989); *see also State v. Johnson*, 173 Ariz. 274, 276 (1992).

## CONCLUSION

¶10 Hernandez's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to

Hernandez's representation in this appeal will end after informing Hernandez of his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Hernandez will be given 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: AA