NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JOSEPH LEE FRANKLIN, *Appellant.*

No. 1 CA-CR 14-0548
FILED 5-26-2015

---

Appeal from the Superior Court in Maricopa County
No.  CR2013-440658-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia K. Norris joined.

---

**H O W E**, Judge:

**¶1**          This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Joseph Lee Franklin asks this Court to search the record for fundamental error. Franklin was given an opportunity to file a supplemental brief in propria persona. He has not done so. After reviewing the record, we affirm Franklin's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

**¶2**          We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Franklin. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

**¶3**          Phoenix police officers on routine patrol observed Franklin attempt to steal D.B.'s purse by placing "his hand on [D.B.'s] shoulder, and the other hand was grabbing at her purse strap." When the officers activated their overhead lights, Franklin released D.B. and the purse. An officer then arrested Franklin and noted that he appeared intoxicated from alcohol.

**¶4**          Upon advising Franklin of his *Miranda* rights,[1] an officer asked Franklin if he knew D.B. Franklin stated that he did not. The State subsequently charged Franklin with one count of attempted robbery, a class five felony. The State alleged that Franklin had six prior felony convictions.

**¶5**          At a settlement conference, the State offered Franklin a plea agreement. Franklin rejected the offer. Franklin was then tried by a jury. Before the State rested its case, Franklin moved for a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20. The trial court denied the motion. Franklin later moved—and the State agreed—to instruct the jury on the lesser-included offense of attempted theft from a person; the trial court so instructed the jury.

**¶6**          The jury found Franklin guilty of attempted theft from a person. The trial court then conducted the sentencing hearing in compliance with Franklin's constitutional rights and Arizona Rule of Criminal Procedure 26. The court ordered Franklin to serve six months in jail and awarded him 305 days of presentence incarceration credit.

---

[1]          *Miranda v. Arizona*, 384 U.S. 436 (1966).

## DISCUSSION

**¶7**          We review Franklin's conviction and sentence for fundamental error. *See State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991). Counsel for Franklin has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Franklin was represented by counsel at all stages of the proceedings, and the sentence imposed was within the statutory limits. We decline to order briefing and we affirm Franklin's conviction and sentence.

**¶8**          Upon the filing of this decision, defense counsel shall inform Franklin of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Franklin shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶9**          We affirm Franklin's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama