812 P.2d 626

**STATE of Arizona, Appellee,**

v.

**Anthony Joseph GENDRON, Appellant.**

**No. CR–90–0163–PR.**

Supreme Court of Arizona,
En Banc.

May 23, 1991.

**154**

Grant Woods, Atty. Gen. by Paul J. McMurdie and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellant.

## OPINION

MOELLER, Justice.

### STATEMENT OF THE CASE

On April 1, 1988, a Department of Public Safety motorcycle officer observed defendant, who was also driving a motorcycle, commit numerous traffic violations. In response to signals from the officer, defendant first stopped as directed, but then sped off. The officer pursued defendant with siren and emergency lights operating. After a confrontation in a motel parking lot, defendant again sped off and the officer again gave chase, this time requesting backup. After a high speed chase involving defendant and three pursuing motorcycle officers, defendant was cornered and arrested. During the chase, defendant's motorcycle had separate collisions with two of the three pursuing motorcycles. Defendant was charged with unlawful flight from a law enforcement vehicle, aggravated assault, and criminal damage.

Based on his alleged fear of the arresting officer, defendant requested jury instructions for the defense of justification on the unlawful flight charge. He did not request similar instructions on the aggravated assault or criminal damage charges. In fact, defense counsel expressly disclaimed reliance on a justification defense on all but the unlawful flight charge, and stated that he would not argue the justification instructions on the other counts even if the instructions were given on the unlawful flight count. The trial court refused the justification instructions on the unlawful flight count. Defendant was convicted on all charges.

The court of appeals held that the trial court's refusal to give the justification instructions on the unlawful flight charge was proper. With respect to the remaining charges, the court correctly noted that defendant had failed to preserve the justification issue for review, and therefore stated: "We are limited to a fundamental error analysis." *State v. Gendron,* 166 Ariz. 562, 566 n. 3, 804 P.2d 95, 99 n. 3 (App. 1990). Then, without further discussion or analysis of the fundamental error doctrine, the court held that the trial court should have given the "requested instructions" *sua sponte,* even in the face of defendant's disclaimer in the trial court. It is that holding that we review and reverse. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

### ISSUE

We granted review on only one issue: "Did the Court of Appeals err in reaching the merits of an issue it found had not been preserved for review?"

### DISCUSSION

■ Absent a finding of fundamental error, failure to raise an issue at trial, including failure to request a jury instruction, waives the right to raise the issue on appeal. Ariz.R.Crim.P. 21.3(c), 17 A.R.S.; *State v. Conner,* 163 Ariz. 97, 101–02, 786 P.2d 948, 952–53 (1990); *State v. White,* 160 Ariz. 24, 31, 770 P.2d 328, 335 (1989); *State v. Whittle,* 156 Ariz. 405, 407, 752 P.2d 494, 496 (1988); *State v. Evans,* 125 Ariz. 140, 141–42, 608 P.2d 77, 78–79 (App. 1980); *see also* A.R.S. § 13–3987 and Ariz. Const. art. 6, § 27.

■ Here, defendant did not request justification instructions from the trial court on the aggravated assault or criminal damage counts. In fact, defendant specifically disclaimed reliance on a justification defense for all counts except the unlawful flight count. For all we know, defendant might have objected had the trial court done what the appeals court now says it was required to do. The court of appeals nevertheless held that the trial court's failure to give justification instructions on the aggravated assault and criminal damage

counts was fundamental error. We disagree.

■ Our adversarial system properly and necessarily precludes injection of new issues on appeal. The reason for this well-recognized rule is simplicity itself—without the rule, the system won't work. In extremely limited circumstances, we recognize that some issues may be so important that overriding considerations concerning the integrity of the system will excuse a party's failure to raise the issue in the trial court. This limited exception is known as the doctrine of "fundamental error." To qualify as "fundamental error," however, the error must be clear, egregious, and curable only via a new trial. We have held:

Fundamental error is error of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial. It usually, if not always, involves the loss of federal constitutional rights. A claim of fundamental error is not a springboard to reversal where present counsel is simply second-guessing trial counsel.

*State v. Smith,* 114 Ariz. 415, 420, 561 P.2d 739, 744 (1977).

Citing *Smith* and other authorities, we have more recently held:

Error is fundamental when it reaches " 'the foundation of the case or takes from the defendant a right essential to his defense,' " or is an " 'error of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial.' "

*State v. King,* 158 Ariz. 419, 424, 763 P.2d 239, 244 (1988) (citations omitted).

■ Under these authorities, an Arizona appellate court should not reverse a case on the ground of fundamental error unless its analysis of the entire record permits it to set forth reasons clearly demonstrating that the case falls within our definition of fundamental error. The court of appeals did not do this here, and our review of the record shows that it could not properly have done so.

The United States Supreme Court has held that even the failure to give a presumption of innocence instruction is not *per se* fundamental error in a criminal case. *Kentucky v. Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979) (*per curiam*). Moreover, the omission must be evaluated in light of the totality of the circumstances. *Id.* at 789, 99 S.Ct. at 2090. The justification instructions involved in this case implicate no constitutional principles. They do not go to the foundation of defendant's case, nor did their absence deprive defendant of a right essential to his defense. Indeed, defendant did not even *assert* a justification defense on the aggravated assault and criminal damage charges. Instead, his defense on those charges was that the officers, not defendant, caused the collisions from which the charges stem. Neither the fundamental error doctrine nor any other doctrine justifies the court of appeals' insertion of a new defense into the case.

## CONCLUSION

The court of appeals erred in applying the fundamental error doctrine to reach justification instruction issues on the aggravated assault and criminal damage counts. We vacate the portion of the court of appeals' opinion dealing with that issue (Section II–1), and affirm the trial court's convictions.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, J., concur.