NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SHEBA ROSE HARNEY *Appellant*.

No. 1 CA-CR 12-0796
FILED 4-8-2014

Appeal from the Superior Court in Maricopa County
No.  CR2011-165692-001
The Honorable Peter C. Reinstein, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

---

H O W E, Judge:

¶1      This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Harney asks this Court to search the record for fundamental error. Harney was given an opportunity to file a supplemental brief in propria persona. Harney has not done so. After reviewing the record, we affirm Harney's convictions and sentences.

### FACTS AND PROCEDURAL HISTORY

¶2      We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Harney. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3      On December 31, 2011, at approximately 2:48 a.m., Officer B. observed a parked car on an access road, facing the opposite direction of travel with its lights on. Officer B. approached the car and noticed that the car's engine was running. Harney was seated in the driver's seat but appeared to be sleeping. After several attempts, Officer B. woke Harney. Officer B. noticed an odor of intoxication coming from Harney's breath and that she had bloodshot and watery eyes. Officer B. conducted field sobriety tests on Harney, who failed them. Harney was arrested and a sample of her blood was drawn and returned a blood alcohol concentration of .277.

¶4      The State charged Harney with two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs ("aggravated DUI"), class four felonies. Before trial, Harney moved to change her counsel due to "major conflict of interest" with her attorney. Harney stated that her attorney did not clarify the proposed plea agreement's terms and that she was not confidant in the attorney's skills and abilities. The court denied the motion but asked the

prosecution to leave the plea offer open to give Harney's counsel time to explain the terms to Harney.

¶5　　　　On September 11, 2012, settlement negotiations occurred. The court explained to Harney that the presumptive sentence for an aggravated DUI with a prior felony is four-and-a-half years' imprisonment and explained the counts against her. The prosecutor explained how he would present testimony at trial and the current plea offer of one to three years. Harney initially accepted the plea offer, but disputed some of the facts, for example, she could not remember being in the vehicle or driving. The court could not find a factual basis for the guilty plea. A few days later, a hearing was held for a "change of plea," however, Harney was no longer interested in accepting a plea offer.

¶6　　　　At trial, two police officers testified, as well as a forensic scientist and the custodian of record for the Motor Vehicle Division. Harney did not testify. At the close of the evidence, the trial court properly instructed the jury on the elements of the offense. Harney was convicted of both counts of Aggravated Driving or Actual Physical Control while Under the Influence of Intoxicating Liquor or Drugs, class four felonies.[1]

¶7　　　　The trial court conducted the sentencing hearing in compliance with Harney's constitutional rights and Arizona Rule of Criminal Procedure 26. The trial court sentenced Harney to 4.5 years' imprisonment, the presumptive term for an individual with a prior felony, with credit for 323 days presentence incarceration.

## DISCUSSION

¶8　　　　We review Harney's convictions and sentences for fundamental error. *See State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991).

¶9　　　　Counsel for Harney has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We

---

[1] One count related to driving under the influence with a suspended license, and the other count related to driving under the influence with an alcohol concentration of .08 or more within two hours of the time of driving.

find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Harney was represented by counsel at all stages of the proceedings and the sentence imposed was within the statutory limits. We decline to order briefing and we affirm Harney's convictions and sentences.

**¶10**        Upon the filing of this decision, defense counsel shall inform Harney of the status of her appeal and of her future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Harney shall have thirty days from the date of this decision to proceed, if she desires, with a pro per motion for reconsideration or petition for review. On the Court's own motion, we extend the time for Harney to file a pro per motion for reconsideration to thirty days from the date of this decision.

## CONCLUSION

**¶11**        We affirm.



Ruth A. Willingham · Clerk of the Court
FILED: MJT