NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES STANLEY BUECHLER, *Appellant*.

No. 1 CA-CR 13-0440
FILED 05-27-2014

Appeal from the Superior Court in Maricopa County
No. CR2011-159831-001
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Ballecer & Segal, LLP, Phoenix
By Natalee E. Segal
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

**J O N E S**, Judge:

**¶1**        Defendant James Stanley Buechler timely appeals his conviction and sentence for aggravated assault. Buechler's defense counsel attests to having searched the record on appeal and found no arguable question of law that was not frivolous.  In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel requests this Court search the record for fundamental error.  Buechler was given the opportunity to file a supplemental brief, *in propria persona*, and has elected not to do so. Although his defense counsel found no issue for appeal, Buechler has requested his defense counsel raise several issues for our review.  After reviewing the record, we find no error and therefore affirm Buechler's conviction and sentence.

## Background[1]

**¶2**        The victim was a patron of a bar during the early morning hours of July 30, 2011, when Buechler entered noticeably loud and apparently irate.  After placing his bicycle in the bar, Buechler yelled for a beer.  In an attempt to calm Buechler, the victim gave Buechler a beer contained in a dark glass bottle.  When the bartender expressed disapproval of Buechler having the beer, Buechler attempted to go over the bar, while the victim tried to retrieve the beer from Buechler.  Another patron intervened and physically escorted Buechler out of the bar, and locked the door with Buechler still in possession of the bottle of beer. Shortly thereafter, the victim unlocked the door and placed Buechler's bicycle outside.  Several minutes later, the victim exited the bar to go

---

[1] We review the facts in the light most favorable to upholding Buechler's conviction and resolve all reasonable inferences against him. *State v. Cox*, 214 Ariz. 518, 519, ¶ 2, 155 P.3d 357, 358 (App. 2007) (citing *State v. Stroud*, 209 Ariz. 410, 412, ¶ 6, 103 P.3d 912, 914 (2005)).

home. As the victim walked home, he heard a loud crash and was struck on the back of the head. He fell to the ground unconscious for what he perceived to be several seconds. When the victim awoke, he saw Buechler laughing on a bicycle underneath a street light. The victim continued home, felt blood running down his neck from a head wound, and noticed glass in his hair from what he perceived to be a beer bottle. Once home, he called 911.

¶3        The Maricopa County Attorney's Office charged Buechler with aggravated assault, a class 3 dangerous felony, and alleged Buechler, "using a beer bottle, a deadly weapon or dangerous instrument, intentionally, knowingly or recklessly caused physical injury" to the victim. Ariz. Rev. Stat. (A.R.S.) § 13-1204 (A)(2) (2014).

¶4        Following a six day trial, Buechler was convicted of the charged offense. At the sentencing hearing, Buechler admitted he had two prior felony convictions. Accordingly, Buechler received a slightly aggravated sentence of eight years' imprisonment, with presentence incarceration credit of 28 days.

## Discussion

¶5        After a diligent search of the entire record, Buechler's counsel has advised she found no arguable question of law. We have fully reviewed the record for reversible error, and find none. *See Leon*, 108 Ariz. at 300, 451 P.2d at 881. However, Buechler asks that we review ten issues for fundamental error. The substance of Buechler's issues on appeal pertains to the sufficiency of the evidence necessary for a conviction of aggravated assault.

¶6        Under the facts of this case, to convict Buechler of aggravated assault, the State was required to prove he committed an assault pursuant to A.R.S. § 13-1203, and that he did so using a deadly weapon or dangerous instrument. A.R.S. § 13-1204(A)(2).

¶7        We construe several of Buechler's issues on appeal to challenge the sufficiency of the evidence required to illustrate the elements of A.R.S. § 13-1203 and -1204(A)(2). In determining whether sufficient evidence exists, we view the facts in the light most favorable to sustaining the jury's verdict. *State v. Bearup*, 221 Ariz. 163, 167, ¶ 16, 211 P.3d 684, 688 (2009). "We review the sufficiency of evidence presented at trial only to determine if substantial evidence exists to support the jury verdict." *State v. Stroud*, 209 Ariz. 410, 411, ¶ 6, 103 P.3d 912, 913 (2005). Evidence is sufficient when it is greater "than a mere scintilla" and is such

proof as could convince reasonable persons of a defendant's guilt beyond a reasonable doubt. *Id.* at 412-13, ¶ 6, 103 P.3d 912-13 (internal quotation marks omitted). The substantial evidence required to warrant a conviction may be either direct or circumstantial. *State v. Mosley*, 119 Ariz. 393, 402, 581 P.2d 238, 247 (1978).

¶8         We conclude substantial evidence supports the jury's verdict finding Buechler guilty of aggravated assault. In this case, the victim testified he had given Buechler a bottle of beer at the bar. A patron further testified Buechler had a bottle of beer in his hand at the time he was expelled from the bar. Both the victim and patron testified the bottle containing the beer was dark in color. After the victim was assaulted and regained consciousness, he identified Buechler as the person under the street light. In addition to the shards of glass the victim found in his hair, a photo of the crime scene admitted at trial showed several pieces of dark colored glass located on the sidewalk where the victim was assaulted. As circumstantial and direct evidence are intrinsically similar, we find sufficient evidence existed to convict Buechler of aggravated assault. *State v. Borquez*, 232 Ariz. 484, 487, ¶ 11, 307 P.3d 51, 54 (App. 2013) ("And in reviewing the sufficiency of the evidence, we do not distinguish circumstantial from direct evidence.").

¶9         We next turn to Buechler's contention a witness gave false testimony "because [the witness] assaulted appellant and didn't want to be charged." Issues related to witness credibility, however, are for the jury and not for this Court to decide. *State v. Canez*, 202 Ariz. 133, 149, ¶ 39, 42 P.3d 564, 580 (2002) ("[T]he credibility of witnesses is a matter for the jury."). In addition, it is the jury's "prerogative to assess the weight of [the] evidence." *State v. Forde,* 233 Ariz. 543, 561, 315 P.3d 1200, 1218 (2014). In the case under review, the jury determined Buechler guilty of aggravated assault regardless of the measure of credibility the jury attributed to the witness or the weight it ascribed to his testimony.

¶10         Buechler also asserts he was "forced to sit with the jury in front of the courtroom before trial for two days." We construe Buechler's contention to indicate fundamental error prejudiced the outcome of his case and denied Buechler a fair trial. *State v. Gendron,* 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991) (holding error qualifies as fundamental when it is "clear, egregious and curable only via a new trial"). Upon review of the record in this regard, we find insufficient evidence upon which a claim of error might be based. The record indicates Buechler possibly waited in the hallway outside the court as the jurors came to court the first day. There is no indication in the record of communication occurring between

Buechler and the jury panel members and, ultimately, no indication that Buechler's proximity to the jury panel members was in any fashion negatively perceived by the jurors or reflected in their ultimate judgment. Therefore, our review of the record finds no error occurred, fundamental or otherwise, and that Buechler received a fair trial.

¶11     Lastly, Buechler challenges whether a witness who allegedly refused to give a statement to a detective is permitted to testify at trial. It is often the case that witnesses who are not listed in the police report later testify at trial. It is not whether a witness gives a statement to police that is significant, but whether the witness was disclosed to the defendant prior to trial so he was thereby advised the witness would be testifying, affording the defendant the opportunity to properly prepare. *See* Ariz. R. Crim. P. 15.1(b)(1).

¶12     As Buechler has not presented any issue warranting further appellate review, and our own review of the record finds sufficient evidence upon which the jury could find Buechler guilty of aggravated assault, we affirm Buechler's conviction and sentence.

¶13     After the filing of this decision, defense counsel is no longer obligated to represent Buechler in this appeal. Defense counsel need do no more than inform Buechler of the outcome of this appeal and his future options, unless upon review, defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck,* 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶14     Buechler has thirty days from the date of this decision to proceed with an *in propria persona* petition for review, if he so chooses. *See* Ariz. R. Crim. P. 31.19(a). Upon our own motion, we also grant Buechler thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

**Conclusion**

¶15     We affirm Buechler's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh