NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

STATE of ARIZONA, *Appellee*,

*v.*

MIGUEL ANGEL PATINO, *Appellant*.

Nos. 1 CA-CR 13-0914; 1 CA-CR 13-0922 (Consolidated)
FILED 11-20-14

_____

Appeal from the Superior Court in Maricopa County
Nos. CR2009-119319-001; CR2012-110651-001
The Honorable Jerry Bernstein, Judge

**AFFIRMED**

_____

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Maurice Portley joined.

_____

**H O W E**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Miguel Patino asks this Court to search the record for fundamental error. Patino was given an opportunity to file a supplemental brief in propria persona. He has not done so. After reviewing the record, we affirm Patino's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2        We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Patino. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3        On the evening of March 11, Officer Joseph Ramsey was driving south on State Route 101 when he saw a truck swerving in its lane. The truck "crossed the right line with its right tires three times," so the officer stopped it. Officer Ramsey asked Patino for his driver's license and registration, but Patino could only produce his Arizona identification card. Patino told the officer that his license was either suspended or revoked because he had not gotten it reinstated after it was suspended and revoked.

¶4        Officer Ramsey noticed "a strong odor of an intoxicating beverage coming from inside the vehicle." When asked about the smell, Patino responded that he had drunk two bottles of wine. Patino also stated that he felt the "affects of alcohol." Consequently, Officer Ramsey had Patino perform standardized field sobriety tests. As a result of his performance, Patino was arrested and his blood was drawn. A criminalist analyzed Patino's blood samples and determined that Patino's blood alcohol concentration was 0.151.

¶5        Patino was charged with one count of driving while under the influence of intoxicating liquor ("DUI") and one count of driving with an alcohol concentration of 0.08 or more within two hours of the time of driving, both class four felonies. The State also alleged that Patino had one

felony conviction from 2009 and that he committed the offenses charged while on probation for that conviction. At trial, the court ruled that the State may use a sanitized version of Patino's prior conviction for impeachment purposes.

¶6       At trial, Patino testified that the night that he was arrested, he bought two bottles of wine at a Circle K and drank them in the parking lot because he was upset. He had driven for 15 minutes before the officer pulled him over. Patino also testified that he knew his license had been suspended and revoked. An Arizona Motor Vehicle Department employee confirmed that Patino's license was suspended and revoked on the date of his arrest. Finally, Patino admitted that he had been convicted of a felony in 2009. The jury found Patino guilty of both counts as charged. It also found that he committed these offenses while on probation for the 2009 felony conviction.

¶7       The trial court conducted the sentencing hearing in compliance with Patino's constitutional rights and Arizona Rule of Criminal Procedure 26. For both counts, it sentenced him to concurrent flat terms of 4.5 years' imprisonment, the presumptive for an individual with a prior felony conviction, with 85 days credit. The court also revoked his probation for the 2009 felony conviction and sentenced him to 2.5 years' imprisonment, to run consecutively to the 4.5 years flat.

## DISCUSSION

¶8       We review Patino's convictions and sentences for fundamental error. *See State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991).

¶9       Counsel for Patino has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Patino was represented by counsel at all stages of the proceedings, and the sentences imposed was within the statutory limits. We decline to order briefing and we affirm Patino's convictions and sentences.

¶10       Upon the filing of this decision, defense counsel shall inform Patino of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for

review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Patino shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶11     We affirm Patino's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED : jt