NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHAWN JAMES BRUNSON, *Appellant.*

No. 1 CA-CR 14-0429
FILED 4-21-2015

Appeal from the Superior Court in Maricopa County
No.  CR2013-446778-001
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia K. Norris joined.

---

H O W E, Judge:

¶1 This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Shawn Brunson asks this Court to search the record for fundamental error. Brunson was given an opportunity to file a supplemental brief in propria persona. He has not done so. After reviewing the record, we affirm Brunson's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2 We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Brunson. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3 A.R. woke up at 3:00 a.m. because her dog was barking. Finding the barking unusual, she went to find her dog. A.R. looked out her front window and saw an unfamiliar truck parked in front of her house, next to her landscaper's storage trailer. After she saw movement in the truck, A.R. woke her husband and called "crime stop," a non-emergency police number.

¶4 A.R. described to the operator the events as they were unfolding. A man—later identified as Brunson—emerged from the truck with a saw and used it to pry the trailer's lock. But he was unsuccessful. Brunson then walked around the trailer, looking at its hitch and front side. Afterwards, he rummaged around his truck and grabbed a crowbar. He pried the lock again, but was also unsuccessful. Brunson returned to the truck and sat inside. The police soon arrived and arrested him.

¶5 Brunson was charged with one count of attempted burglary in the third degree and one count of possession of burglary tools. The State alleged that he had five prior felony convictions. At trial, the court ruled that the State could use a sanitized version of Brunson's most recent prior conviction for impeachment purposes. A.R. and her husband testified to the events of that night. Both made in-court identifications of Brunson. A.R.'s

landscaper testified that the trailer was his and that the police called him the night in question to come examine the trailer. The court also admitted a recording of A.R.'s crime stop call.

¶6        In his defense, Brunson testified that he was having car problems that night. As he was traveling west on Bethany Home Road, the truck "started like it was running out of gas," "kind of chugging along." Fearing that the truck was dying, Brunson turned left onto Third Avenue to look for a gas station. After he made a right turn, his truck died in front of A.R.'s house. In the past, the truck would start again after a few minutes, so Brunson decided to take a nap. At one point, he had to urinate, so he looked around his truck for a bottle, found nothing, and ultimately urinated by the trailer. Brunson admitted that he had been convicted of a felony in 2005. The jurors found him guilty as charged.

¶7        The trial court conducted the sentencing hearing in compliance with Brunson's constitutional rights and Arizona Rule of Criminal Procedure 26. Brunson knowingly, voluntarily, and intelligently admitted—and the court found—that he had five prior felony convictions. The court also found four mitigating factors. For the attempted burglary conviction, the court sentenced Brunson to 3 years' imprisonment to run concurrent with 2.5 years' imprisonment for the possession of burglary tools conviction. Both the imprisonment terms were less than the presumptive for an individual with prior felony convictions, and both included 27 days credit.

## DISCUSSION

¶8        We review Brunson's convictions and sentences for fundamental error. *See State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991).

¶9        Counsel for Brunson has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Brunson was represented by counsel at all stages of the proceedings, and the sentences imposed was within the statutory limits. We decline to order briefing and we affirm Brunson's convictions and sentences.

¶10        Upon the filing of this decision, defense counsel shall inform Brunson of the status of his appeal and of his future options. Defense

counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Brunson shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

¶11　　　　We affirm Brunson's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama