NOTICE: NOT FOR OFFICIAL PUBLICATION.UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
 AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.
 
 IN THE
 Arizona Court of Appeals
 Division One
 center16446500
 STATE OF ARIZONA, Appellee,
 
 v.
 
 HUGO RAMON FLORES, Appellant.
No. 1 CA-CR 14-0468
 FILED 6-23-2015 
 center14287500
 Appeal from the Superior Court in Maricopa County
No. CR2013-109475-001
The Honorable Phemonia L. Miller, Commissioner
 center49847500AFFIRMED
 COUNSEL
Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
Counsel for Appellee

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
Counsel for Appellant

1321435000
 MEMORANDUM DECISION
Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Peter B. Swann joined.

center000
H O W E, Judge:
This appeal is filed in accordance with Anders v. California, 386 U.S. 738 (1967) and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Hugo Ramon Flores asks this Court to search the record for fundamental error. Flores was given an opportunity to file a supplemental brief in propria persona. He has not done so. After reviewing the record, we affirm Flores's convictions and sentences.
 * FACTS AND PROCEDURAL HISTORY
A police officer on routine patrol observed a black truck swerve between traffic lanes before stopping at a gas station. The police officer then activated his overhead lights and approached the driver, who he later identified as Flores. 
The officer observed that Flores had bloodshot and watery eyes and that an odor of alcohol emanated from his breath. The officer also noted that Flores's speech was slurred. When the officer asked Flores to get out the truck, he noted that Flores swayed while standing. After performing field sobriety tests, the officer noted that Flores exhibited cues of impairment on all tests. Flores was then arrested and driven to the police substation, where Flores consented to having his blood drawn. The results of the blood draw later revealed that Flores had a blood alcohol concentration of 0.158. 
The State then charged Flores with (1) aggravated driving while under the influence of intoxicating liquor and (2) aggravated driving while under the influence of intoxicating liquor (blood alcohol concentration of 0.08% or more), class four felonies. The State also alleged a historical prior conviction of driving under the influence of an intoxicating liquor. 
Before trial, Flores moved to suppress "all evidence seized as a result of the officers' unlawful conduct," arguing that the stop and search was unreasonable in violation of the United States and Arizona Constitutions. The State objected, arguing that the officer possessed a clear, reasonable, and articulable suspicion to conduct an investigation. After an evidentiary hearing, the trial court denied Flores's motion. 
Flores was then tried by a jury. At the close of trial, the jury found Flores guilty on all counts. The trial court conducted the sentencing hearing in compliance with Flores's constitutional rights and Rule 26 of the Arizona Rules of Criminal Procedure. The trial court sentenced Flores to four months imprisonment on each count, to run concurrently to each other. The trial court also ordered that Flores be placed on 18 months' probation upon his release from prison and imposed necessary fines and fees.
 * DISCUSSION
 * 
We review Flores's convictions and sentences for fundamental error. See State v. Gendron, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991). Counsel for Flores has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error. See Leon, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Flores was represented by counsel at all stages of the proceedings, and the sentence imposed was within the statutory limits. We decline to order briefing and we affirm Flores's convictions and sentences.
Upon the filing of this decision, defense counsel shall inform Flores of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. See State v. Shattuck, 140 Ariz. 582, 584 - 85, 684 P.2d 154, 156 - 57 (1984). Flores shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsider - ation or petition for review. 
 * CONCLUSION
We affirm Flores's convictions and sentences.