NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVE ALLEN BAKER, JR., *Appellant.*

No. 1 CA-CR 14-0398
FILED 11-5-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-001948-001
The Honorable Carolyn K. Passamonte, Judge Pro Tempore

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**H O W E**, Judge:

¶1            This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Steve Allen Baker, Jr. asks this Court to search the record for fundamental error. Baker was given an opportunity to file a supplemental brief in propria persona. He has not done so. After reviewing the record, we affirm Baker's convictions and probation order.

## FACTS AND PROCEDURAL HISTORY

¶2            We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Baker. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3            Two police officers were on patrol one night when the car in front of them immediately made a left-hand turn on a red light. The officers pulled the car over. One officer spoke with the driver—later identified as Baker. The officer asked Baker for his driver's license and car registration and insurance, but Baker responded that he did not have to give the officer anything. The officer told Baker that to operate a "vehicle" in Arizona, he needed a driver's license. Baker said that he was not operating a "vehicle," but rather an "automobile." The officer again asked Baker for his driver's license; Baker instead gave a "sovereign national ID card."

¶4            Meanwhile, the other officer was talking with Baker's passenger. Because it was dark, the officer directed a flashlight inside Baker's car. Baker yelled at the officer and told him that he did not have to have the flashlight on and pointing inside the car. Baker then insisted that a sergeant come to the scene. Because of Baker's request and his being "[v]ery resistant to any of the questions" the officers posed, an officer radioed for a sergeant, who soon arrived with two additional officers. One of these officers took over the conversation with Baker, asking him if the "vehicle" was his. Baker responded that "this was not a vehicle," but an "automobile mobile transportation device."

¶5          Standing 6 inches from the car window, the officer smelled fresh marijuana from inside the car. The officer asked Baker whether he had any marijuana, but Baker responded that he did not have to answer. Baker then demanded that the police release his passenger. Meanwhile, another officer was checking Baker's records and found that he had a suspended license. He told the other officers to arrest Baker.

¶6          The police arrested Baker, transported him and his passenger to the station, and impounded his car. Before leaving for the station, however, the police told Baker his *Miranda*[1] rights. Baker said he did not understand them, so the police stopped questioning him. On the way to the station, Baker blurted out that the passenger "was only a guest inside his automobile and that all items inside that automobile were his."

¶7          Because of the smell of marijuana, the police searched the car and found two backpacks. One of the backpacks belonged to Baker's passenger and was given to him when he was released. The other backpack had individually packaged bags of marijuana, a purple prescription bottle with marijuana, and documents regarding the "sovereign citizen" movement. A forensic analyst concluded that the bags had usable quality and conditioned marijuana.

¶8          During booking, the police impounded hydroponic cards found inside Baker's wallet. The cards detailed instructions for indoor watering and lighting for marijuana plants. The police also impounded a booklet with a daily checklist for hydroponic plants—marijuana plants— and other documents, including a "Sovereign National Automobile Title" with Baker as the car's registered owner and five photocopied sovereign national ID cards, three of them had Baker's picture.

¶9          The State charged Baker with felony possession or use of marijuana, felony possession of drug paraphernalia, and a misdemeanor resisting arrest. The resisting arrest charge was subsequently dismissed without prejudice, and the two remaining charges were designated as misdemeanors.

¶10          During the bench trial, three officers testified about the incident and identified Baker as the person they interacted with. After the State rested, defense counsel moved for an Arizona Rule of Criminal Procedure 20 judgment of acquittal, but the trial court denied the motion.

---

[1]          *Miranda v. Arizona*, 384 U.S. 436 (1966).

The court found Baker guilty of possession or use of marijuana and possession of drug paraphernalia.

¶11 The trial court conducted the sentencing hearing in compliance with Baker's constitutional rights and Arizona Rule of Criminal Procedure 26. The court suspended imposition of sentence and placed Baker on concurrent 18 months of unsupervised probation for both counts. Baker timely appealed.

## DISCUSSION

¶12 We review Baker's convictions and probation order for fundamental error. *See State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991). Counsel for Baker has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Baker was represented by counsel at all stages of the proceedings, and the probation imposed was within the statutory guidelines. We decline to order briefing and affirm Baker's convictions and probation order.

¶13 Upon the filing of this decision, defense counsel shall inform Baker of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Baker shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶14 We affirm Baker's convictions and probation order.



Ruth A. Willingham · Clerk of the Court
FILED: ama