NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

────────────────────────

STATE OF ARIZONA, *Appellee,*

*v.*

JERROD SCOTT TURVIN, *Appellant.*

No. 1 CA-CR 14-0686
FILED 1-12-2016

────────────────────────

Appeal from the Superior Court in Maricopa County
No.  CR2013-455163-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

────────────────────────

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

Jerrod Scott Turvin, Douglas
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

H O W E, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Jerrod Scott Turvin asks this Court to search the record for fundamental error. Turvin has filed a supplemental brief in propria persona, which the court has considered. After reviewing the record, we affirm Turvin's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Turvin. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3        Late one evening, two police officers were on patrol when they saw a vehicle make a wide right turn onto a three-lane street, crossing halfway into the center turn lane. The officers pulled the vehicle over. The driver—later identified as Turvin—was "breathing heavily" and "sweating profusely." An officer asked Turvin for his driver's license, but Turvin stated that he did not have one and instead gave an ID card. When asked whose vehicle he was driving, Turvin responded that it belonged to his friend and that he had been borrowing it for a week. Turvin spoke quickly and did not make eye contact with the officer.

¶4        The officers checked Turvin's records and found that his driving privileges were suspended. They arrested him for driving on a suspended license and impounded the vehicle for 30 days. Before impounding the vehicle, however, the officers conducted an inventory search. Inside the vehicle, the officers found two cell phones, one of which was "constantly ringing." They also found "a black gentleman's canvas bag . . . embroidered with JTS . . . with a capitalized raised T." Inside the bag, the officers found a "glass pipe with burnt and white residue inside of it"; a larger bag containing a "crystal-like substance"; a smaller bag containing a "white crystal-like substance"; three bags containing "black chunks"

wrapped in saran wrap; a black knife; a scale; six small bags containing micro bags; and a cell phone.

¶5        The State charged Turvin with two counts of possession of dangerous drugs, methamphetamine and heroin; and three counts of possession of drug paraphernalia, two for the scale and baggies relating to methamphetamine and heroin and one for the pipe relating to methamphetamine. The State subsequently offered Turvin a plea agreement, and the trial court explained to him the penalties he would be facing if he refused to plead guilty but was convicted at trial. Turvin refused the plea offer.

¶6        While Turvin was in jail awaiting trial, he called his Mother several times. Turvin and his mother were warned at the beginning of each call that the call would be recorded and monitored. When his Mother asked what he was in for, Turvin responded, "Drugs. Yep," and when asked whether he was dealing, he responded, "Yep."

¶7        At trial, the court admitted redacted recordings of two of Turvin's jail calls with his mother. The two arresting officers testified about the contents of the black bag and identified Turvin as the individual they interacted with that night. A criminalist testified that the "crystal-like substance" was methamphetamine, totaling over 49 grams and of useable quantity, and the "black chunks" were heroin, totaling over 17 grams and of usable quantity.

¶8        After the State rested its case-in-chief, defense counsel moved for an Arizona Rule of Criminal Procedure 20 judgment of acquittal. The trial court denied the motion because the State had presented substantial evidence to warrant convictions for all the counts. The jurors convicted Turvin of all five counts.

¶9        During the aggravation phase, the jurors found that the State had proven aggravating factors for all the counts. For possession of methamphetamine and heroin, the offenses were committed for pecuniary gain and while Turvin was on probation and the drug amounts were in excess of the permitted statutory amount. For two of the possession of drug paraphernalia counts, the offenses were committed for pecuniary gain and while Turvin was on probation. For possession of drug paraphernalia relating to the pipe, the offense was committed while Turvin was on probation.

¶10       After Turvin waived his right to a full bench trial on his prior convictions, the trial court determined in accordance with Arizona Rule of

Criminal Procedure 19.1 that Turvin had four prior felony convictions. The court then conducted the sentencing hearing in compliance with Arizona Rule of Criminal Procedure 26. It considered the aggravating factors the jury found and the mitigating factors presented, including Turvin's substance abuse history, family support, letter to the court, and social history. The court found that the aggravating factors and mitigating factors balanced each other.

¶11 The court therefore concluded that presumptive terms were appropriate and ordered all the sentences to run concurrently. The court sentenced Turvin to 15.75 years' imprisonment with 307 days of presentence incarceration credit for each of the possession of drugs convictions and 3.75 years' imprisonment with 307 days of presentence incarceration credit for each of the possession of drug paraphernalia convictions. The court also imposed appropriate fees and fines.

¶12 Because Turvin was on probation when he committed these offenses, the court found that reinstatement of probation for his former offense—taking identity of another—was not appropriate. After considering aggravating and mitigating factors, the court imposed the presumptive term of 2 years' imprisonment with 309 days of presentence incarceration credit for his former offense. The court ordered the sentence for the taking identity of another to be served consecutively to the possession of drugs and drug paraphernalia sentences.

¶13 Turvin timely appealed. Eight months later, Turvin moved in the trial court for the State to produce the jail recordings it had used during trial, "so that [Turvin] can proceed with [the] direct appeal." The court denied the motion.

## DISCUSSION

¶14 We review Turvin's convictions and sentences for fundamental error. *See State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991). Counsel for Turvin has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. However, in his supplemental brief, Turvin states that "except for the fact that [he] has attempted to get the two CDs' involved [with] the case" and the trial court has denied his motion to produce, he agrees with counsel that no arguable issues regarding his trial exist for appeal.

¶15 For the jail recordings, Turvin does not elaborate or provide support or context for his statement regarding them. Consequently, Turvin has waived this issue because he does not outline his argument, refer to

matters in the record, or provide citation of legal authority. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi) (providing that arguments shall contain "citations to the authorities, statutes and parts of the record relied on"); *State v. Moody*, 208 Ariz. 424, 452 n.9 ¶ 101, 94 P.3d 1119, 1147 n.9 (2004) (providing that opening briefs must present significant arguments supported by authority, otherwise the party abandons and waives the claim). Regardless of the waiver, however, defense counsel has advised this Court that he has reviewed the entire record, which included the jail recordings and the trial transcripts detailing the State's use of them during trial, and found no appealable issue. We have done the same with particular emphasis on the jail recordings and agree that no appealable issue exists.

**¶16** Consequently, we have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Turvin was represented by counsel at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Turvin's convictions and sentences.

**¶17** Upon the filing of this decision, defense counsel shall inform Turvin of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Turvin shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

**CONCLUSION**

**¶18** We affirm Turvin's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama