NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER PAUL ARTER, *Appellant.*

No. 1 CA-CR 15-0767
FILED 8-16-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201300968
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Harriette P. Levitt, PLLC, Tucson
By Harriette P. Levitt
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

**G O U L D**, Judge:

**¶1**        Christopher Arter ("Defendant") appeals from the revocation of his probation and resulting prison sentence. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal. Defendant was given the opportunity to file a supplemental brief *in propria persona*, but has not done so.

**¶2**        Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2016).[1] Finding no reversible error, we affirm.

**Facts and Procedural History[2]**

**¶3**        In November 2013, Defendant pleaded guilty to one count of forgery, a class four felony. In December 2013, he was sentenced to a probation term of four years. As a condition of his probation, Defendant agreed to obey all laws. In May 2014, Defendant's probation officer filed a petition to revoke his probation, alleging that he had violated the terms of

---

[1]        Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]        We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

his probation by committing six new felony offenses, including possession of narcotics and dangerous drugs for sale, possession of drug paraphernalia, and possession of a forged instrument.[3]

**¶4**      Defendant was initially found incompetent to stand trial, but was later found to be competent after completing a competency restoration program.

**¶5**      In June 2015, the court held a contested probation revocation hearing. At the hearing, a Phoenix Police detective testified that in May 2014, he and another detective observed Defendant and a female driver leaving a known drug house and pulled them over for a traffic infraction. The detectives arrested Defendant after observing him attempt to hide some illegal drugs. The detectives subsequently found methamphetamine, a pill bottle, small baggies, hydrocodone and carisoprodol pills, a syringe, and counterfeit money in Defendant's possession. When police questioned Defendant, he admitted the drugs were his, and that he had purchased the drugs with the intent to resell them.

**¶6**      The court found by a preponderance of the evidence that Defendant had violated the conditions of his probation by possessing methamphetamine, possessing narcotics and dangerous drugs for sale, and possessing drug paraphernalia.

**¶7**      In October 2015, the court revoked Defendant's probation and sentenced him to a mitigated prison term of 1.75 years with 588 days' of pre-incarceration credit. Defendant filed a timely notice of appeal and this court has jurisdiction.

**Discussion**

**¶8**      We review Defendant's probation revocation for fundamental error. *State v. Gendron*, 168 Ariz. 153, 155 (1991). We have read and considered the brief, carefully searched the entire record for error and found none. *See* Clark, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the court's determination that Defendant violated his probation. Defendant was present and represented by counsel at all critical stages of the proceedings. At disposition,

---

[3]      Defendant was arrested and indicted for these six new felonies in Mohave Superior Court Case No. CR2014-00655. Defendant was subsequently found guilty of these charge after a jury trial.

Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

## Conclusion

**¶9**        For the foregoing reasons, we affirm the court's revocation of Defendant's probation and resulting prison sentence. Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Amy M. Wood • Clerk of the court
FILED:  AA