NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY PAUL SOLANO, *Appellant.*

No. 1 CA-CR 23-0438
FILED 01-14-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-147949-001
The Honorable Sunita Cairo, Judge

**AFFIRMED**

COUNSEL

Law Offices of Stephen L. Duncan PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

---

**F U R U Y A**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Anthony Paul Solano has advised that counsel found no arguable questions of law after searching the entire record and asks us to conduct an *Anders* review. Solano was convicted of possession of dangerous drugs. Solano was given an opportunity to file a supplemental brief; he has not done so. After reviewing the record, we affirm Solano's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2        We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Solano. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

¶3        On December 22, 2022, just after midnight, two officers were called to a Phoenix neighborhood where they found Solano and arrested him. During a search incident to arrest, officers found a dollar bill rolled-up around methamphetamine inside Solano's sock. Officers took possession of the methamphetamine at the station and weighed it. Both officers identified Solano at trial. A criminalist who examined the dollar bill also testified that the substance found inside the rolled-up dollar bill was methamphetamine in a useable condition.

¶4        At trial, the jury was instructed to require proof of two facts to prove the crime of possession of dangerous drugs. First, that Solano knowingly possessed a dangerous drug, and second, that the drug was, in fact, dangerous. The jury was instructed to find a dangerous drug to be a substance identified by Arizona law as such, which includes methamphetamine as was found in Solano's possession.

¶5        Solano was tried in absentia. Solano moved for judgment of acquittal under Arizona Rule of Criminal Procedure 20, which the court denied. The court found there was substantial evidence to support a conviction based on the testimony and exhibits presented at trial. Issues of

voluntariness were not raised by either the attorneys or the evidence. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974). The jury found Solano guilty.

¶6 The court conducted the sentencing hearing in compliance with Solano's constitutional rights and Arizona Rule of Criminal Procedure 26. The court did not find any aggravating or mitigating factors for the appealed charge. The court sentenced Solano to the presumptive 2.5 years recommended by the Adult Probation Department, the State, and the defense.

¶7 Solano's sentence runs concurrently with his sentences from two other cases. The jury's findings in this trial and Solano's decision to plead guilty in another unappealable case provided cause for probation revocation in a previous case. Ariz. R. Crim. P. 27. There are no double jeopardy concerns as Solano's sentences are concurrent. *See* A.R.S. § 13-116.

¶8 The court correctly calculated and applied 151 days of presentence incarceration credit. *See* A.R.S. § 13-712(B) (a defendant is entitled to credit for "[a]ll time actually spent in custody" credited against imprisonment term imposed). After considering the evidence, the court ordered Solano to pay a $20 time payment fee, a $1,790 drug offense fine, a $20 probation assessment, a $13 criminal penalty assessment, a $2 victims' rights enforcement assessment, and $9 victims' rights compensation fund assessment.

¶9 After pronouncing the sentence, the court informed Solano of his right to appeal from his judgment and sentence in this matter and advised him that failure to file timely will result in a loss of that right. The court advised Solano of his right to appointed counsel to represent him on appeal if he is indigent.

¶10 Solano timely appealed. Ariz. R. Crim. P. 31.2(a)(2). We have jurisdiction over an appeal from final judgment of conviction. A.R.S. § 13-4033(A).

## DISCUSSION

¶11 As this is an *Anders* appeal, Solano preserved no issues, and we review for fundamental error. *State v. Gendron*, 168 Ariz. 153, 155 (1991); *State v. Barraza*, 209 Ariz. 441, 447 ¶ 21 (App. 2005); *State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). The record shows that Solano was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The record contains substantial evidence supporting the

verdicts. The sentences imposed were within statutory limits. The award of presentence incarceration credit was accurate. And in all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

**CONCLUSION**

**¶12**      This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Solano's convictions and resulting sentences are affirmed.

**¶13**      Upon the filing of this decision, defense counsel shall inform Solano of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Solano shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:      JR