NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CLINT RAY PIPER, *Appellant.*

No. 1 CA-CR 24-0250

FILED 03-04-2025

Appeal from the Superior Court in Yavapai County
No. V1300CR202180786
The Honorable John David Napper, Judge

**AFFIRMED**

COUNSEL

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

---

**F U R U Y A**, Judge:

¶1        Clint Ray Piper appeals the superior court's restitution order in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Piper advised that he found no arguable questions of law after searching the entire record and asks us to conduct an *Anders* review. Piper was convicted of aggravated assault, disorderly conduct, and threatening or intimidating. He was also ordered to pay restitution. Piper was given an opportunity to file a supplemental brief; he has not done so. After reviewing the record, we affirm the court's restitution order.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        Piper was convicted of two counts of aggravated assault, four counts of disorderly conduct, and one count of threatening or intimidating. In his merits appeal, we vacated two counts of disorderly conduct on double jeopardy grounds but affirmed Piper's convictions and sentences for all remaining counts. *State v. Piper*, 1 CA-CR 23-0034, 2023 WL 7510940 (App. Nov. 14, 2023), *review denied* (June 3, 2024).

¶3        The State sought restitution for a victim's injuries resulting from Piper's criminal conduct. Piper objected, asserting that the victim's injuries are not a direct result of his criminal conduct and the restitution requests are untimely.

¶4        The court found the victim's injuries are a direct result of Piper's criminal conduct. The court denied the State's untimely restitution requests but ordered Piper to pay restitution in the amount of $2,105.08 for those injuries that the State had timely requested.

---

[1]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2 ¶ 2 (App. 2015) (citation omitted).

¶5        Piper timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A), 13-4031, and -4033(A).

## DISCUSSION

¶6        As this is an *Anders* appeal, Piper preserved no issues, and we review for fundamental error. *State v. Gendron*, 168 Ariz. 153, 155 (1991); *State v. Barraza*, 209 Ariz. 441, 447 ¶ 21 (App. 2005); *State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). The record shows sufficient evidence supporting the court's restitution order of $2,105.08. The record further reflects all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Piper was represented by counsel at all critical stages of the proceedings.

## CONCLUSION

¶7        This court has read and considered counsel's brief and has searched the record provided for reversible error as to entry of the restitution order and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, the court's restitution order is affirmed.

¶8        Upon filing this decision, counsel shall inform Piper of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Piper shall have 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR