NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

RODY MICHAEL BEGAY, *Appellant*.

No. 1 CA-CR 14-0538
FILED 12-22-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2013-417592-001
The Honorable Jerry Bernstein, Judge Pro Tempore

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Lawrence F. Winthrop joined.

---

H O W E, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Rody Michael Begay asks this Court to search the record for fundamental error. Begay was given an opportunity to file a supplemental brief in propria persona. He has not done so. After reviewing the record, we affirm Begay's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the trial court's judgment and resolve all reasonable inferences against Begay. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3        Late one evening in April 2013, a Phoenix police officer on patrol saw the car in front of him stop at a red light then make a right turn, even though two traffic signs prohibited right turns. The officer followed the car, and after seeing it swerve in and out of its lane three times, pulled the car over. The officer spoke with the driver—identified as Begay—and asked for his driver's license, registration, and proof of insurance. Begay responded that he had lost his license and instead handed the officer his military identification card.

¶4        Noting that Begay had bloodshot, watery eyes, the officer asked if he had been drinking, and Begay responded that he had three beers. Because the officer had only basic training in field sobriety testing, he called for another officer with more training and certification to conduct a DUI investigation. When he arrived, the second officer noted that Begay had a strong odor of alcohol on his breath and slurred speech. The officer conducted three field sobriety tests, but Begay failed each. The officer consequently arrested Begay. After the arrest, one of the officers checked Begay's record and learned that his license was suspended.

¶5        The first officer placed Begay in his patrol car and drove him to a police DUI van to draw a blood sample. Begay initially refused to

provide consent for the draw, so officers sought and obtained a warrant to do so. The officers then drew a blood sample, and test results later showed that Begay's blood alcohol concentration ("BAC") was .203 at the time of the draw. The State charged him with aggravated driving while under the influence with a suspended license and aggravated driving with a BAC of .08 or more with a suspended license.

¶6　　　　　Before trial, the State offered Begay a plea agreement of one count of endangerment and one count of driving while under the influence of alcohol, which Begay accepted. However, the State later requested to withdraw from the agreement after discovering that Begay had more priors than he avowed. The trial court granted the State's request, reinstated Begay's plea of not guilty to the original charges, and set the matter for trial.

¶7　　　　　On the fourth day of Begay's jury trial, his counsel did not appear, but notified the trial court that she had a personal emergency. The trial court discussed defense counsel's illness with the parties and continued the trial for one week. But due to her medical issues, defense counsel did not appear the following week, and the trial court, on its own motion, declared a mistrial and set the matter for a new trial.

¶8　　　　　At the subsequent jury trial, defense counsel moved for an evaluation of Begay's competency pursuant to Arizona Rule of Criminal Procedure 11.2, which provides that a party may make such a request to determine the defendant's competency to stand trial. Counsel argued that Begay was depressed and unable to think straight or follow along during the trial, but the trial court denied the motion. After the State rested its case in chief, defense counsel moved for an Arizona Rule of Criminal Procedure 20 judgment of acquittal, but the trial court denied that motion as well.

¶9　　　　　After deliberating, the jurors reached a verdict but incorrectly filled out only one of the two verdict forms. The trial court sent the jurors back to fill out the other form and instructed them to "not mention anything to anyone about what your decisions is." The jurors later returned and convicted Begay of aggravated driving while under the influence with a suspended license and aggravated driving with a BAC of .08 or more with a suspended license. The trial court subsequently sentenced Begay to four months' imprisonment with 32 days' presentence incarceration credit for felony DUI, but for each conviction suspended sentencing and imposed concurrent terms of three years' supervised probation. The trial court advised Begay of his right to appeal within 20 days.

¶**10**      Despite the trial court's advisement, Begay did not timely file his appeal. He later petitioned for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32.1(f), which provides that a defendant may request such relief when failure to file a timely notice of appeal was without fault of his own. Finding good cause, the trial court granted relief and allowed Begay an additional 20 days to file an appeal. However, due to an administrative error Begay again did not timely file his appeal, but requested that the trial court re-issue its order to allow him more time. The trial court granted Begay an additional 20 days to file this appeal, which he did.

## DISCUSSION

¶**11**      We review Begay's convictions and sentences for fundamental error. *See State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991).

¶**12**      Counsel for Begay has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Begay was represented by counsel at all stages of the proceedings, and the sentence imposed was within the statutory limits. We decline to order briefing, and we affirm Begay's convictions and sentences.

¶**13**      Upon the filing of this decision, defense counsel shall inform Begay of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Begay shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or a petition for review.

## CONCLUSION

¶14        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama